**UNITED STATES of America,**

v.

**Irving HINES, Defendant.**

**Crim. No. 44349.**

United States District Court
E. D. New York.

Jan. 25, 1957.

————◆————

Leonard P. Moore, U. S. Atty., for the Eastern District of New York, by Morton J. Schlossberg, Asst. U. S. Atty., Brooklyn, N. Y.,

Florence M. Kelley, New York City, for defendant, by Gerard G. Betz, New York City, of counsel.

BYERS, District Judge.

Two motions are before the court on behalf of the defendant:

(1) For an order directing the United States Attorney to obtain for the defendant a copy of the stenographic transcript of his prior trial. The defendant is represented by one of the attorneys in the employ of the Legal Aid Society, and accompanying the notice of motion is a statement that he is a poor person with no means of paying for the desired transcript, and that the latter is necessary to enable him to prepare for trial.

The first trial was conducted on September 25, 1956, the defendant being represented by an attorney who had been assigned by the court; the trial ended in a disagreement by the jury, and the case is therefore now to be reached for retrial. The attorney assigned by the court has been superseded by the attorney for the Legal Aid Society.

The present attorney relies upon the decision of the Supreme Court in the case of Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585. That case involved the question of whether forma pauperis relief to the extent of providing for a defendant the stenographic minutes of his trial should have been granted. The language of the opinion must be construed in light of the circumstance that an appeal for adequate consideration might well involve recourse to the stenographic record of the proceedings of the trial.

█ Here there is involved no review of what took place at the first trial, and

while it might be helpful to both sides if such a transcript were available, I know of no authority which would justify this court in granting the defendant's motion. Defendant does not urge that there is any rule or statute which entitles him to the order here sought. The citation to Title 28 U.S.C. § 753(f) which has to do with fees for transcripts furnished to persons allowed to sue or defend in forma pauperis, does not purport to impose any duty upon the court to direct that such a transcript shall be provided at public expense for the purpose of a second trial. This motion is denied.

■ (2) This is a motion for an order directing that a subpoena be issued to Albert D. Osborn or one of his associates, commanding him to appear herein and to testify in this case.

Mr. Osborn is a handwriting expert, and the affidavit in support of the motion is by the defendant and contains the following:

"1. The name and address of the witness and the testimony the witness is expected by the defendant to give if subpoenaed is as follows:

"Albert D. Osborn or one of his Associates

"233 Broadway, New York, New York.

"That the witness to be subpoenaed is a recognized and experienced handwriting expert and that in his opinion the name Jack Kaufman which appears as an endorsement on United States Treasury check No. 57,404,272 was not written by the defendant Irving Hines."

If the foregoing is a true statement, it is presumed that Mr. Osborn or an unidentified associate, has examined the endorsement to the said check and expressed his opinion in accordance with the above quotation. That is to say, no reason is shown why the defendant should not subpoena the person who has so examined the signature in question, and procure his attendance at the trial.

If it is not so, and the defendant is merely speculating as to what expert testimony would be, he has not shown sufficient reason for calling upon this court to subject the United States to the expense which a granting of the motion would entail.

Defendant's brief alleges that the motion is made in good faith, and this directs attention to the affidavit of James J. Burke, verified January 3, 1957, which among other things states that on March 26, 1956 he interviewed the defendant while the latter was in the custody of the Marshal, in the building in which this court is located; the following is quoted:

"I asked him to give me a handwriting specimen of the name Jack Kaufman. The defendant asserted that he did not forge the name on the check, but refused to submit any handwriting specimens to me."

It is true that the defendant had the perfect right to refuse to give the requested specimen, but that action on his part may be justifiably consulted in connection with the assertion that this motion is made in good faith.

The defendant's brief refers to Title 28 U.S.C. § 1731, which reads:

"§ 1731. Handwriting

"The admitted or proved handwriting of any person shall be admissible, for purposes of comparison, to determine genuineness of other handwriting attributed to such person."

It is not understood how the foregoing aids the defendant in this motion. The court is reminded that a similar motion was made at the first trial, and denied. That is thought to be a circumstance which calls upon the defendant to make an affirmative showing whereby the granting of the present motion could be seen to be based upon conditions created since the first trial; and as to that, nothing is offered. Motion denied.

Settle order.