Joseph **WATSON**, Appellant,

v.

Dale C. **CAMERON**, Superintendent, St. Elizabeths Hospital, Appellee.

No. 17097.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 26, 1962.

Decided Dec. 20, 1962.

Mr. Marvin Joseph Garbis, Washington, D. C. (Mr. John A. Yacovelle, Jr., Washington, D. C., appointed by the District Court), for appellant.

Mr. Barry I. Fredericks, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Daniel J. McTague, Asst. U. S. Attys., on the brief, for appellee. Mr. John E. Hogan, Asst. U. S. Atty., and Mr. Nathan J. Paulson, Asst. U. S. Atty., at the time the record was filed, also entered appearances for appellee.

Before BAZELON, Chief Judge, and BURGER and WRIGHT, Circuit Judges.

BURGER, Circuit Judge.

Appellant was indicted for second degree murder October 10, 1960, and shortly thereafter was committed to St. Elizabeths Hospital for psychiatric observation. Found competent to stand trial, he was tried in April, 1961, on a reduced charge of manslaughter. A verdict of not guilty by reason of insanity led to his commitment in St. Elizabeths Hospital under § 24–301, D.C.Code Ann. (1961).

In March, 1962, he sought release by way of habeas corpus and in April the petition was dismissed after hearing. The evidence at the hearing was appellant's own testimony which included his admission that he had a long history of convulsive seizures during which he lost his ability to control his behavior. It also showed that it was during such a seizure that he killed the man whose death led to indictment. He claimed to have been free of seizures for three months and that the treatment at St. Elizabeths Hospital had cured him. A staff psychiatrist testified that appellant was suffering from "chronic brain syndrome, secondary to a convulsive disorder with psychosis" and had paranoid delusions of persecution, was "confused at times and unable to control his impulses" and fought with other patients on occasion. At the time of the hearing in April 1962 the staff psychiatrist was unable to state that if released appellant would not be dangerous to himself and others.

Appellant claimed in the District Court that he was entitled as a matter of right to examination by an independent expert such as a member of the Mental Health Commission.

Heretofore we have considered that the allowance of such examination by an outside expert was within the sound discretion of the District Judge but in this particular context—release from confinement under § 24–301 D.C.Code Ann. (1961)—we have laid down no guidelines. Indeed on this record we could not say that discretion was abused, partly because no standards for its exercise exist.

In these circumstances we conclude that the ends of justice and its efficient administration will be best served by prescribing that an independent examination by an expert appointed by the District Court shall be granted as a matter of right (a) where no such examination has previously been granted, and (b) where the movant has been confined in the hospital for a substantial period such as here where the confinement has been more than one year. We do not

decide whether appointment of an outside expert is required in every case on demand, nor do we suggest these criteria must always be present to warrant such an appointment. We hold only where, as here, a person is confined for more than one year without such an examination he is entitled, as a matter of right, to an independent examination to test the findings and conclusions of the hospital staff where he is confined.[1]

More than six months have elapsed since the hearing in the District Court and while the holding of that court was not an abuse of discretion when made, we think in view of the time lapse it is appropriate to remand the record to the District Court to appoint an independent medical expert to examine appellant and report to the District Court, and for reconsideration of the petition for release in light of the record as supplemented.

Remanded for further proceedings.

1. Obviously the records of the hospital where the petitioner is confined are available to both parties and to the court.