Ferdi A. MILLER, Appellant,

v.

Dale C. CAMERON, Superintendent, St. Elizabeths Hospital, Appellee.

No. 18306.

United States Court of Appeals District of Columbia Circuit.

Argued May 19, 1964.

Decided June 11, 1964.

Petition for Rehearing Denied Sept. 18, 1964.

Mrs. A. Lillian C. Kennedy, Washington, D. C. (appointed by the District Court), with whom Mr. Eugene A. Chase, Washington, D. C., was on the brief, for appellant.

Mr. John A. Terry, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Oscar Altshuler, Asst. U. S. Attys., were on the brief, for appellee.

Before WASHINGTON, DANAHER and WRIGHT, Circuit Judges.

DANAHER, Circuit Judge:

Appellant's wife died as the result of a fracas. After the appellant had been indicted on a charge of murder the staff at St. Elizabeths certified that the appellant was mentally competent to stand trial and that he was not suffering from any mental disease or defect either during the period of examination at St. Elizabeths or at the time of his wife's death. Certain psychiatrists testified to like effect at the trial while yet others testified that in their opinion the appellant had been suffering from a mental disease at the time of the crime and that the crime was a product of that disorder. The trial judge then directed a verdict of not guilty by reason of insanity and the appellant was accordingly committed to St. Elizabeths Hospital pursuant to the

provisions of D.C.CODE § 24–301(d) (1961).

 Some months later the appellant filed a petition for a writ of habeas corpus. Responding to an order to show cause the appellee, Superintendent of St. Elizabeths, certified that after examination the staff found nothing in appellant's mental condition to warrant a change in the original finding that he is without mental disorder.[1] The Government opposed release of the appellant. At the hearing the various expert witnesses testified substantially as they had done at the time of trial. Thus there was substantial evidence before the trial judge who concluded that the appellant had failed to sustain his burden of showing his entitlement to an unconditional release. Thereupon the petition was dismissed and the petitioner was remanded to the custody of the appellee.

On the record so made, the appellant has asked us to conclude that the trial judge erred. We can not say, however, that his conclusion lacks evidentiary support.

 Accordingly, we will affirm the judgment. We do so, however, without prejudice to the filing of a new petition for the writ. As we pointed out in Hough v. United States, 106 U.S.App.D.C. 192, 196, 271 F.2d 458, 462 (1959), "The individual is confined in the hospital for the purpose of treatment, not punishment; and the length of confinement is governed solely by considerations of his condition and the public safety." It may be developed, so long after the event, that "the healing effects of time and circumstance might uncloud the mind as to cause a new issue to be presented,"[2] even in the judgment of the experts who previously found themselves at odds with the conclusions expressed by the staff majority.[3] Certainly our ruling on the record presently before us is not to bar a future effort to secure relief under the circumstances of this case.

Affirmed.

---

1. The staff further gave as its opinion that "In view of the fact that the petitioner is without mental disorder, he is entitled to an unconditional release from St. Elizabeths Hospital."

2. Stewart v. Overholser, 87 U.S.App.D.C. 402, 407, 186 F.2d 339, 344 (1950).

3. We have held that in a hearing on a petition for release under § 24–301(e), "an independent examination by an expert appointed by the District Court shall be granted as a matter of right (a) where no such examination has previously been granted, and (b) where the movant has been confined in the hospital for a substantial period such as here where the confinement has been more than one year." Watson v. Cameron, 114 U.S.App. D.C. 151, 152, 312 F.2d 878, 879 (1962). See also Curry v. Overholser, 109 U.S. App.D.C. 283, 287 F.2d 137 (1960). Here such an examination may be particularly appropriate since the experts who testified for both sides in these habeas corpus proceedings had previously given similar testimony at his trial.