Vernon **COOPER**, Appellant,

v.

**UNITED STATES of America**, Appellee.

Joseph **KENNEDY**, Appellant,

v.

**UNITED STATES of America**, Appellee.

Nos. 17669, 17670.

United States Court of Appeals District of Columbia Circuit.

Argued March 17, 1964.

Decided April 9, 1964.

Petition for Rehearing en Banc Denied Oct. 1, 1964.

Mr. Martin J. Gaynes, Washington, D. C., with whom Mr. Leonard H. Marks, Washington, D. C. (both appointed by this court), was on the brief, for appellant in No. 17,669.

Mr. William J. Garber, Washington, D. C., for appellant in No. 17,670. Mr. Monroe H. Freedman, Washington, D. C. (appointed by this court), also entered an appearance for appellant in No. 17,-670.

Mr. David Epstein, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Alfred Hantman, Asst. U. S. Attys., were on the brief, for appellee. Mr. Barry I. Fredericks, Asst. U. S. Atty., also entered an appearance for appellee.

Before BASTIAN, BURGER and WRIGHT, Circuit Judges.

PER CURIAM.

JUDGMENT

These cases came on to be heard on the record on appeals from the United States District Court for the District of Columbia, and were argued by counsel.

ON CONSIDERATION WHEREOF, It is ordered and adjudged by this court that the

judgments of the District Court appealed from in these cases are hereby affirmed.

WRIGHT, Circuit Judge (concurring).

Vernon Cooper and Joseph Kennedy appeal from convictions on three counts of robbery. 22 D.C.Code § 2901. Appellant Kennedy's primary contention concerns the sufficiency of the evidence to support the convictions, particularly the adequacy of the identification. In view of the trial court's remarks concerning the sufficiency of the proof as to Kennedy, I have studied the record with special care. I agree with this court that no reversible error is disclosed.

Appellant Cooper raises a number of points, but I think that in his case, too, the record does not provide basis for reversal. I agree with Cooper that, in a proper case, the District Court should appoint independent experts, at Government expense, to assist an indigent defendant and to provide expert psychiatric testimony. An indigent defendant cannot be offered Government doctors as experts on a take-it-or-leave-it basis, particularly where those doctors have already indicated their testimony would be adverse to his interests.[1] Where the Government doctors at St. Elizabeths, for example, have reported that, if called, their testimony would favor the Government, the trial court may look elsewhere for psychiatric assistance for the indigent defendant.

Under Rule 28, F.R.Cr.P., the court has the power to appoint independent experts to assist the defendant. And, of course, such experts are subject to subpoena under Rule 17(b), F.R.Cr.P. Moreover, Congress has provided in the District of Columbia a Commission on Mental Health,[2] staffed with experts, subject to call by the court. Congress has also provided in the District of Columbia a Legal Psychiatric Service[3] to be used as needed by the District Court in its discretion. These avenues of help are open to, and must be considered by, the District Court in determining whether or not psychiatric assistance and expert testimony, other than that afforded by the Government doctors at St. Elizabeths, should be made available to assist the indigent defendant.

This does not mean, of course, that the power in the District Court to make outside psychiatric assistance available to the indigent defendant should be exercised in every case when a mere request therefor is made. Ordinarily, the trial court will accept the representations of counsel as to the evidentiary basis for the motion. See Perry v. United States, 90 U.S.App.D.C. 186, 195 F.2d 37 (1952). If such representations are deemed insufficient, medical reports or sworn testimony, expert or lay, may be offered, by affidavit or otherwise, to provide a basis on which the District Court can exercise its discretion. Again, a Rule 17(b) subpoena may be available for this purpose. Here no such offer was made, nor was any attempt to raise the question of insanity made at trial.

Under 24 D.C.Code § 301, it is the duty of the District Court to make a specific judicial determination of competence to stand trial, rather than accept psychiatric advice as determinative on this issue.[4] See Watson v. United States, 98 U.S.App.D.C. 221, 223, 234 F.2d 42, 44 (1956). In the record here, as Cooper contends, there is no specific determination of competency. The court did not in terms hold that Cooper was competent. But its ruling to this effect is clear from its actions. In any event, no timely ob-

---

1. See Naples v. United States, 113 U.S. App.D.C. 281, 287, 307 F.2d 618, 624 (1962) (en banc); cf. Watson v. Cameron, 114 U.S.App.D.C. 151, 312 F.2d 878 (1962); De Marcos v. Overholser, 78 U.S.App.D.C. 131, 137 F.2d 698 (1943); see aso Goldstein & Fine, The Indigent Accused, The Psychiatrist, and The In-

sanity Defense, 110 U.Pa.L.Rev. 1061, 1066–1067 (1962).

2. 21 D.C.Code § 308.

3. 24 D.C.Code § 106.

4. Judicial questioning of the accused and his trial counsel may be of special use in revealing whether the defendant is able to assist in the defense of his case.

**540**

jection was made. Any possible doubt as to the court's ruling could have been dispelled by an appropriate motion.

Counsel for Kennedy improperly made statements which could be taken to imply Cooper's guilt. Compare De Luna v. United States, 5 Cir., 308 F.2d 140 (1962). But again no timely objection was made, perhaps because the statements were merely passing comment which implied guilt only indirectly. There is no occasion, therefore, to invoke the plain error rule. Rule 52(b), F.R. Cr.P.

On cross-examination, the prosecutor attempted to impeach a defense witness by questioning him concerning prior convictions. In so doing, the prosecutor asked the witness about offenses for which he had been arrested but not convicted, pleas having been entered to lesser offenses. This was improper and should be avoided. In the circumstances of this case, however, where the witness is not the defendant, I cannot say that it constitutes reversible error.