UNITED STATES of America

v.

Ernest John WENTLAND.

Cr. No. 120-64.

United States District Court
District of Columbia.

Oct. 30, 1964.

Robert C. Maynard, Youngstown, Ohio (court appointed), for movant-defendant.

Edward J. Barnes, Sp. Asst. U. S. Atty., for plaintiff.

YOUNGDAHL, District Judge.

The defendant, Ernest John Wentland, is a certified public accountant who was serving as Comptroller of the Miami Window Corporation, a business incorporated under Florida law, on or about February 25, 1959, the date of the alleged offense. On February 10, 1964, a one-count indictment was returned which charged the defendant with wilfully and knowingly causing a false registration statement to be filed with the Securities and Exchange Commission in violation of 15 U.S.C. § 77x (1958). Specifically, the indictment alleged that the defendant falsely represented the inventory of his employer by some $200,000 which materially distorted financial statements required to be filed with registration papers.

Now claimed to be indigent and represented by court-appointed counsel, the defendant moved for the appointment of an independent certified public accountant, at government expense, to review certain working papers, to assist counsel in the preparation of his defense, and to testify, if necessary, at the trial of the case. In support of this motion, defendant relied on Rule 28,[1] which provides for court appointment of expert witnesses and Rule 17(b),[2] which authorizes a court to order the issuance of a subpoena upon request of an indigent defendant. The defendant's theory is that these rules, read together, permit the relief sought. No case was cited, nor was one discovered by independent research, which would sanction the procedure and authority here invoked. To the contrary, the only reported case which dealt with the appointment of an accountant as

---

1. *"Expert Witnesses.* The court may order the defendant or the government or both to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint witnesses of its own selection. An expert witness shall not be appointed by the court unless he consents to act. * * * A witness so appointed shall advise the parties of his findings, if any, and may thereafter be called to testify by the court or by any party. He shall be subject to cross-examination by each party. The court may determine the reasonable compensation of such a witness and direct its payment out of such funds as may be provided by law. The parties also may call expert witnesses of their own selection."

2. *"Indigent Defendants.* The court or a judge thereof may order at any time that a subpoena be issued upon motion or request of an indigent defendant. The motion or request shall be supported by affidavit in which the defendant shall state the name and address of each witness and the testimony which he is expected by the defendant to give if subpoenaed, and shall show that the evidence of the witness is material to the defense, that the defendant cannot safely go to trial without the witness and that the defendant does not have sufficient means and is actually unable to pay the fees of the witness. If the court or judge orders the subpoena to be issued the costs incurred by the process and the fees of the witness so subpoenaed shall be paid in the same manner in which similar costs and fees are paid in case of a witness subpoenaed in behalf of the government."

an expert witness under Rule 28 rejected such a possibility. United States v. Brodson, 136 F.Supp. 158 (E.D.Wis. 1955), rev'd. on other grounds, 241 F.2d 107 (7th Cir.), cert. denied, 354 U.S. 911, 77 S.Ct. 1297, 1 L.Ed.2d 1428 (1957). Brodson was a complicated tax fraud case in which it was an uncontroverted fact that the defendant needed expert accounting assistance in the preparation of his defense. Moreover, it was the attorney for the government who suggested to the court the possibility of a Rule 28 appointment. Nevertheless, that court decided that constitutional and statutory problems precluded the proffered procedure.

In this case, however, it is unnecessary to consider those legal objections raised in Brodson or others engendered by this motion. The Court does not reach those issues because it concludes that the defendant has failed to show as a fact that such an appointment is sufficiently or reasonably necessary to aid him in an adequate preparation or presentation of his defense. In the first place, the defendant is himself a certified public accountant. He is not incarcerated and is available to provide "expert" accounting advice to a counsel untrained in such matters. Secondly, as defendant states in his own motion, "The accounting firm of Roberts & Morrow of Miami, Florida performed an audit on defendant's work and certified that the procedures used and the figures prepared were correct and in accordance with accepted accounting practice." It was brought out in oral argument that this firm is going to testify for the government, but this does not alter the fact that an independent audit of the defendant's work has already been made. There is no allegation that the audit of Roberts and Morrow was in any way irregular. Defendant, with

his accounting expertise, can provide the necessary knowledge for an effective cross-examination of the testimony of the accounting firm. Thirdly, by order dated April 27, 1964, the government was directed to permit the defendant and his counsel to inspect all books, papers, and documents obtained by the government, including books, papers, and documents obtained by the Securities and Exchange Commission from the Miami Window Corporation and from the firm of Roberts and Morrow which pertain in any way to the inventories in question. Fourthly, the only substantive issue in the case revolves around the valuation of one year's inventory. Neither complex accounting data nor voluminous financial facts are involved here as they were, for example, in Brodson. Finally, the defendant has averred no facts which, if true, would be relevant and material to his defense, see Greenwell v. United States, 115 U.S.App. D.C. 44, 317 F.2d 108 (1963). Nor has he submitted an affidavit containing the testimony the expert is expected to give, which appears to be mandatory under Rule 17(b). Rather, from all that appears, the defendant is merely speculating as to what the result of an audit by another professional accountant might be. Therefore, aside from all the legal issues not here reached, the defendant has failed to demonstrate sufficient reason for subjecting the United States to the expense which a granting of his motion would entail. See United States v. Hines, 148 F.Supp. 73 (E.D.N.Y.1957). Cf. Cooper v. United States, D.C.Cir. 1964, 337 F.2d 538 (concurring opinion).

Consequently, after consideration of defendant's written motion and after hearing oral arguments, it is the opinion of this Court that the defendant's motion, for the foregoing reasons, must be denied.