**John T. GOJACK, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 18348.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 10, 1964.

Decided May 27, 1965.

Petition for Rehearing Denied
July 23, 1965.

Mr. Frank J. Donner, of the bar of the Court of Appeals of New York, pro hac

vice, by special leave of court, New York City, with whom Mr. David Rein, Washington, D. C., was on the brief, for appellant.

Mr. Robert L. Keuch, Atty., Dept. of Justice, with whom Asst. Atty. Gen. J. Walter Yeagley, Messrs. David C. Acheson, U. S. Atty., and Kevin T. Maroney, Atty., Dept. of Justice, were on the brief, for appellee.

Mr. Frank Q. Nebeker, Asst. U. S. Atty., also entered an appearance for appellee.

Before BAZELON, Chief Judge, and BURGER and WRIGHT, Circuit Judges.

PER CURIAM:

On February 28 and March 1, 1955, appellant testified at a subcommittee hearing of the House of Representatives Committee on Un-American Activities. At that hearing he refused to answer certain questions, for which he was convicted for contempt of Congress.[1] That conviction was reversed by the Supreme Court for insufficiency of the indictment.[2] Appellant was then convicted on a new indictment, which alleged refusal to answer six questions asked by the subcommittee.[3] This appeal followed.

■■ Appellant argues that the subcommittee had no proper legislative purpose and that he was not adequately informed by the subcommittee of the legislative pertinency of its questions. These arguments are foreclosed by Barenblatt v. United States, 360 U.S. 109, 79 S.Ct. 1081, 3 L.Ed.2d 1115 (1959). Appellant further contends that the indictment was insufficient because it did not specifically recite the subcommittee's authority to conduct the investigation here, and that there was no adequate proof at trial of the subcommittee's authority. We find no merit in these contentions.

There is one serious question presented by this record which appellant has not alleged as grounds for reversal. At the beginning of the February 28 hearing, appellant's counsel submitted a written motion to the subcommittee contesting its jurisdiction to question appellant.[4] At that time, the subcommittee chairman stated, "You may file the mo-

---

1. 2 U.S.C. § 192.

2. *Sub nom.* Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962).

3. The questions were:
    "1. On February 28, 1955. Question: Are you now a member of the Communist Party?
    "2. On March 1, 1955. Question: You have left us under the impression at this point that by reading the newspapers you knew that Johnson was chairman of the Communist Party of Indiana and I am asking you if that is the only way you knew Johnson.
    "3. On March 1, 1955. Question: Mr. Gojack, did Mr. Elmer Johnson or Mr. Aron ever appear and address a group of people when you were present?
    "4. On March 1, 1955. Question: May I ask the witness, do you know whether or not Russell Nixon is a member of the Communist Party?
    "5. On March 1, 1955. Question: Did you take active part in the peace pilgrimage to Washington which was organized by one of the 'front' organi-

    zations known as the American Peace Crusade?
    "6. On March 1, 1955. Question: What method was used to get you as an original sponsor? [That is, original sponsor of the American Peace Crusade.]"

4. "John Thomas Gojack, * * * having been subpenaed by the House Committee on Un-American Activities for appearance at a hearing on February 28, 1955, respectfully move[s] to vacate the said subpenas and to set aside the hearing on the following grounds:
    "1. The Committee is not engaged in a legislative investigation for a bona fide legislative purpose. This Committee is limited under Article I, Section 1 of the United States Constitution to the exercise of legislative powers. The Chairman of the Committee has previously announced as is shown by newspaper clippings attached hereto that the purpose of the hearing is to force the United Electrical, Radio and Machine Workers of America (UE) 'out of business' and that with respect to the movants Gojack, * * * 'to bring out the facts that they are card carrying

tion; and then whatever action the committee desires to take upon it, we will take." No explicit ruling was made on this motion until the conclusion of the March 1 hearing, when the chairman stated:

> [A]t the beginning of the hearings, counsel for John T. Gojack * * * filed a statement of objections to hearing and a motion to vacate the subpoenas. At that time the members of the subcommittee unanimously voted to overrule the objections and the motion to vacate the subpoenas. Therefore, I want the record to show that at that time, nunc pro tunc, the objections and motion to vacate subpoenas are overruled.

This ruling was made after appellant's refusal to answer the questions for which he was here convicted.[5]

■ Although the subcommittee did specifically direct appellant to answer the questions at issue, its failure specifi-cally to overrule appellant's motion may have left ambiguous whether the subcommittee had considered the objections raised in appellant's motion or whether it was ignorant of them before it directed an answer. "[A] clear disposition of the witness' objection is a prerequisite to prosecution for contempt * * *." Quinn v. United States, 349 U.S. 155, 167, 75 S.Ct. 668, 675, 99 L.Ed. 964 (1955). The subcommittee must "advise the witness of [its] position as to his objections * * * [to give him] a clear choice between standing on his objection and compliance with a committee ruling." Bart v. United States, 349 U.S. 219, 223, 75 S.Ct. 712, 714, 99 L.Ed. 1016 (1955).[6]

■ On the previous appeal, this court ruled, "That [appellant's motion] was in fact denied is clear from the fact that [appellant was] * * * called, sworn and queried."[7] It is not clear whether we are bound by that ruling. But since appellant's experienced counsel does not challenge that ruling on this

---

Communists. The rest is up to the community'.

"2. If the Committee seeks to inquire into activities of a criminal nature, no specific charges have been furnished the movants and no evidence has been offered that they have violated any law.

"In any event, the power to inquire into crime is one which is confided exclusively to courts and grand jurys under Article I Section 3 of the Constitution.

"3. The purpose of breaking a union, is not one which is authorized by the Committee's basic resolution, Public Law 601.

"4. Even if such a purpose were authorized by the Committee's basic resolution, the resolution as so construed and applied would constitute a violation of the free speech and assembly guarantees of the First Amendment to the Constitution.

"5. The Committee's basic resolution is in any event unconstitutional because no person can determine from it the boundaries of the Committee's power.

"6. The Committee intends, as its chairman has announced, to exact compulsory disclosure of movants' political beliefs and affiliations. The First Amendment forbids this particularly where as here there is no overriding legislative justification for such inquiry."

5. After this ruling, appellant refused to answer several questions. He was not indicted for those refusals. Compare Flaxer v. United States, 358 U.S. 147, 79 S. Ct. 191, 3 L.Ed.2d 183 (1958).

6. During his testimony, appellant attempted repeatedly to state his objections and he was repeatedly interrupted by subcommittee members on the ground that he was "proceeding again to read that prepared statement." The basis for these interruptions was apparently the Committee's rule that "a prepared or written statement" can be read into the record only upon Committee approval at the conclusion of a witness' testimony. The effect of the interruptions may have been, however, to deprive appellant of any opportunity to determine whether the subcommittee was aware of the basis for his objections and whether it overruled those objections.

7. 108 U.S.App.D.C. 130, 138, 280 F.2d 678, 685 (1960).

appeal,[8] we are not disposed to consider the matter.

The judgment of the District Court is

Affirmed.

BURGER, Circuit Judge (concurring in the result).

I cannot agree that the issue concerning denial of Appellant's motion to the Committee is open. The point was not raised to the Committee; it was not raised in the District Court; it was not raised in this court.

The orderly and efficient administration of the business of the courts ought to preclude—and I think it does preclude—a litigant from ignoring a point which is obvious even though not valid only to have it raised sua sponte by a member of the reviewing court.

That the point discussed by the court has no merit is shown by our own holdings that a ruling may be implicit in the conduct of a tribunal. Judge Wright pointed this out in Cooper v. United States, 119 U.S.App.D.C. 142, 143, 337 F.2d 538, 539 (1964), where he articulated the reasons underlying the summary affirmance of the conviction where the District Court proceeded to trial without entering an order or formally ruling on the Defendant's competence to stand trial. "The court did not in terms hold that Cooper was competent. But its ruling to this effect is clear from its actions [in proceeding to trial]."

Appellant here moved to vacate the subpoena and "set aside" the hearing. His objection went to the fact of any questioning at all. To suggest that continuance of the hearing did not dispose of Appellant's motion by denying it is to ignore the realities of the situation. Nor is the rule of the *Quinn* and *Bart* cases, cited by the court, to the contrary.

Those cases significantly did not involve express directions to answer such as Gojack here received. See 349 U.S. at 222, 75 S.Ct. at 714. Moreover, we expressly held the *Quinn* rule unavailable to Appellant on his former appeal. Gojack v. United States, 108 U.S.App.D.C. 130, 139, 280 F.2d 678, 687 (1960).

For these reasons I am bound to express my disagreement with the court's discussion of this point.

---

8. Appellant's brief, at p. 52, does refer to the "retroactive rejection" of his motion, but only to support his argument that the subcommittee did not adequately advise him of the legislative pertinency of its questions.