Memorandum. The order should be affirmed, without costs. Petitioner-appellant has failed to adduce any proof which would warrant our granting the relief sought. The evidence in the record clearly establishes the legality of his commitment and the fact of his mental illness.
*740 If in the future the appellant sees fit to challenge the latter finding of fact he may, on the return of a writ of habeas corpus, request the court to appoint a psychiatrist to testify as a medical witness on his behalf. (Op. St. Comp., Feb. 5, 1965, No. 65-6.) If, on the other hand, the appellant concedes the fact of mental illness, he may in the alternative utilize the administrative procedures provided by the Legislature whereby the care and treatment of the involuntarily confined mentally ill may be investigated with the purpose of rectifying any inadequacies and injustices prevalent therein. (Mental Hygiene Law, §§ 86, 88.)
Section 86 of the Mental Hygiene Law authorizes the Commissioner of Mental Hygiene to conduct such investigations, subpoena witnesses and records for attendance at hearings, and issue reasonable orders based upon his findings. In addition, for any resulting order of the Commissioner to be binding, court approval is required.
Under section 88 the Mental Health Information Service is created whereby the Legislature has provided a further agency to aid in the supervision and protection of the mentally ill in connection with the retention of involuntary patients such as appellant and their care and treatment. (L. 1964, ch. 738, § 18, eff. Sept. 1, 1965.)
Chief Judge Desmond and Judges Fuld, Van Voorhis, Burke, Soileppi, Bergan and Keating concur.
Order affirmed.