123 N.J. Super. 104 (1973)
301 A.2d 493
IN RE JOSEPH GANNON.
Superior Court of New Jersey, Somerset County Court.
Decided February 23, 1973.
*105 Mr. Joseph Lipofsky for Gannon (Mr. James B. Ventantonio, Somerset-Sussex Legal Services attorney).
Mr. Robert M. Thompson, County Adjuster, for County of Somerset.
MEREDITH, J.C.C.
Movant is an indigent patient at the Veterans Administration Hospital, Lyons, New Jersey. He had entered the hospital voluntarily and later expressed a desire to be released. After his release was denied by the hospital staff, commitment proceedings pursuant to N.J.S.A. 30:4-23 et seq. were begun in the Somerset County Court. The instant motion has been brought to secure an independent psychiatric examination.
Commitment to a psychiatric hospital obviously entails a significant loss of liberty which, as in a criminal proceeding, must be under due process of law. U.S. Const., Amend. XIV. It is the opinion of this court that in a commitment proceeding due process of law includes the right to an independent psychiatric examination.
The right of an indigent patient to have counsel appointed has already been established, McCorkle v. Smith, 100 N.J. Super. 595 (App. Div. 1968), but the presence of a lawyer at the commitment hearing is not a sufficient safeguard for the patient's rights. No matter how brilliant the lawyer may be, he is in no position to effectively contest the commitment proceedings because he has no way to rebut the testimony of the psychiatrist from the institution who has already certified to the patient's insanity under N.J.S.A. 30:4-29.
This court has had enough experience to know that psychiatrists differ very definitely in their evaluations and diagnoses of mental illness. In a commitment proceeding where the court is in effect bound by the expertise of the *106 psychiatrist, the right to counsel is of little value without a concurrent right to an independent psychiatric examination.
In addition to the due process basis for appointment of an independent psychiatrist, there is an inferential basis in N.J.S.A. 30:4-42, which provides that the hearing court has the power to order, at the county's expense, taking and transcription of testimony at a commitment hearing. Such a hearing is of little value, if not actually a sham, when the only testimony is that of the certifying psychiatrist. The Court is of the opinion that N.J.S.A. 30:4-42 impliedly authorizes the appointment of an independent psychiatrist to examine the patient at the county's expense where his testimony is necessary to make the hearing effective.
The appointment of independent psychiatrists for indigents has been approved in our sister states of New York and Pennsylvania, Anonymous No. 1 v. La Burt, 17 N.Y.2d 738, 270 N.Y.S.2d 206, 217 N.E.2d 31 (Ct. App. 1966); Dixon v. Attorney General of Commonwealth of Penna., 325 F. Supp. 966 (M.D. Pa. 1971), and has been long established in the District of Columbia, De Marcos v. Overholser, 78 U.S. App. D.C. 131, 137 F.2d 698 (D.C. Cir.1943); accord, Watson v. Cameron, 114 U.S. App. D.C. 151, 312 F.2d 878 (D.C. Cir.1962); Cooper v. United States, 119 U.S. App. D.C. 142, 337 F.2d 538 (D.C. Cir.1964).
The right to counsel has not been construed to allow an indigent to choose his own lawyer. Similarly, an indigent in a commitment proceeding should not have the right to "shop around" for a psychiatrist who agrees with him. The independent psychiatrist is to assist the court, not the patient; all he need do is render his best judgment and make all relevant information available both to the court and to the defense. Proctor v. Harris, 134 U.S. App. D.C. 109, 413 F.2d 383 (D.C. Cir.1969).
*107 Therefore, the court will entertain an order for the appointment of an independent psychiatrist to examine the movant, such psychiatrist to be designated by the court and paid by the county.
Motion granted.