STATE OF NEW JERSEY, PLAINTIFF, v.
ROBERTA ANNE LIPPINCOTT, DEFENDANT.

Municipal Court of Trenton

Decided April 23, 1973.

Mr. *Ira C. Miller* argued the cause for the Defendant-Petitioner (*Pellettieri & Rabstein,* Attorneys).

Mr. *Hank San Giacomo,* Deputy Attorney General, argued the cause for the State of New Jersey (*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, Attorney).

Mr. *Robert M. Liwacz* argued the cause for the City of Trenton (*Mr. Robert A. Gladstone,* Trenton City Attorney).

Mr. *Stephen J. Zielinski* argued the cause for the County of Mercer (*Mr. Harvey L. Stern,* Mercer County Attorney).

SCHROTH, J. M. C. In this matter the law firm of Pellettieri & Rabstein (Ira C. Miller, Esquire, appearing,) was appointed to represent the defendant by the Trenton Municipal Court on the grounds that the Defendant could not afford to retain her own attorney and was entitled to representation under the guidelines of *Rodriquez v. Rosenblatt,* 58 *N. J.* 281 (1971).

Defendant is charged with driving while intoxicated in violation of *N. J. S. A.* 39:4-50(a) and careless driving in violation of *N. J. S. A.* 39:4-97.

Defense counsel has filed a motion seeking the appointment of an expert witness at public expense. Paragraph 4 of the petition states:

The undersigned, as Counsel for the Petitioner, having reviewed the facts and circumstances herein, represents to this Court that he cannot adequately prepare a defense nor sufficiently discharge his obligation to the Petitioner or the Court without the services of an expert witness competent to testify as to the consumption, ingestion and absorption rate and effects of alcohol upon the human body.

Oral arguments on said motion were heard before me on March 14, 1973. In addition, briefs were submitted by the parties.

It appears to the court that there are at least one and possibly two questions before it. The initial inquiry is whether defendant is entitled to the appointment at public expense of an expert witness to aid in her defense. If this question is answered in the affirmative the second inquiry becomes whether the City of Trenton or the State must bear that expense which, of course, must be reasonable in nature.

In *Rodriquez v. Rosenblatt, supra,* our Supreme Court held:

Our municipal court judges have had and continue to have broad discretion to assign free counsel to indigent defendants whenever justice so requires. That discretion may be exercised liberally under general guidelines without entailing the feared inundations. When the very charge and the attendant circumstances indicate that the indigent defendant will be in need of the assistance of assigned counsel, he should of course have it. Indeed, whenever the particular nature of the charge is such that imprisonment in fact or other consequence of magnitude is actually threatened or is a likelihood on conviction, the indigent defendant should have counsel assigned to him unless he chooses to proceed pro se with his plea of guilty or his defense at trial [58 *N. J.* at 295]

Petition of the attorney for the defendant establishes his sincere belief that he cannot adequately and properly represent here without the assistance of an expert witness who must be paid. It appears to me that to assign an attorney

and then deny him the means necessary to provide an adequate, proper and complete defense, would be contrary to the intention of the *Rodriquez* holding.

The purposes of assigning counsel to represent an accused who cannot afford to retain an attorney are to provide equal protection under our laws and to effectuate justice. In this case it is undisputed by any of the parties that there is the need for an expert witness to adequately protect defendant's rights.

The City of Trenton in its brief argues that this court does not have jurisdiction to appoint an expert witness because that is not one of the enumerated statutory powers given to municipal courts. It should be noted that the power to assign an attorney in a case such as this one is not a statutorily enumerated power either. As was pointed out in *Rodriquez*, municipal court judges have had and continue to have broad discretion to assign free counsel to indigent defendants whenever justice so requires. I conclude that the right to assign an expert witness in this case is also within the court's broad discretion since it is apparent to me that justice so requires.

It is, therefore, held that petitioner is entitled to the appointment of an expert witness at public expense.

The next question is whether the reasonable fee of the expert witness should be paid by the City of Trenton or the State.

In *State v. Rush,* 46 *N. J.* 399 (1966), our Supreme Court held:

That the county must meet the cost of criminal prosecutions is clear. The county is a sub-division of the State, constituted to perform certain functions of State government * * *, and among them is the prosecution of criminal cases. It is generally held that the county is liable for the expenses involved, either by virtue of expressed statutory provision or by necessary implication from the statutory scheme. * * * [at 414]

And the court added:

Thus the "necessary expenses" of the prosecution are the burden of the county. Within that category must fall the expense of providing counsel for an indigent accused, without which a prosecution would halt and inevitably fail under *Gideon v. Wainright, supra,* 372 *U. S.* 335, 83 *S. Ct.* 792, 9 *L. Ed.* 2d 799. [at 414, 415]

The case at bar is entitled, *"State of New Jersey v. Roberta Anne Lippincott."* It is not, *"City of Trenton v. Roberta Anne Lippincott."*

Since this matter is being prosecuted in the name of the State of New Jersey, there appears to be clear direction indicating that the holding in *State v. Rush, supra,* is applicable even though that case dealt with an indictable offense and the present case involves two motor vehicle charges, one of which is very serious in nature, prescribing penalties of considerable magnitude.

*N. J. S. A.* 39:5-41 provides that:

All fines, penalties and forfeitures imposed and collected under authority of law for any violations of the provisions of this Title, other than those violations in which the complainant is the commissioner, a member of his staff, a member of the State Police, an inspector of the Public Utility Commission, or a law enforcement officer of any other State agency, shall be forwarded by the magistrate to whom the same had been paid to the proper financial officer of the county wherein they were collected, to be used by the county as a fund for the construction, re-construction, maintenance and repair of roads and bridges, snow removal, the acquisition and purchase of right-of-way, and the purchase, replacement and repair of equipment for use on said roads and bridges therein.

The provisions of the above statute make it clear that the county would receive and be the beneficiary of any fines that might be imposed in this particular case. It is noted that the fines that could be imposed upon conviction are quite substantial. In addition, the County of Mercer is a constant recipient of similar and other fines imposed in the Trenton Municipal Court for various motor vehicle violations.

The holding in *State v. Rush, supra,* the provisions of *N. J. S. A.* 39:5–41, and the equities of this particular case lead me to the conclusion that the County of Mercer is the proper public body to bear the expense in question.

It is noted that none of the parties, including the County of Mercer, has questioned the authority or jurisdiction of this court to decide this particular question at this time.

It is, therefore, held that the reasonable expense incurred for the appointment of an expert witness in this matter be borne by the County of Mercer.