283 So.2d 696 (1973)
STATE of Louisiana
v.
Ellison GLASS.
No. 53505.
Supreme Court of Louisiana.
September 24, 1973.
Rehearing Denied October 26, 1973.
Lewis Weinstein, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Sp. Asst. Atty. Gen., John A. Richardson, Dist. Atty., Fred C. Sexton, Jr., Asst. Dist. Atty., for plaintiff-appellee.
BARHAM, Justice.
Defendant Glass was charged by bill of information filed December 15, 1972 with having knowingly and intentionally distributed heroin on July 26, 1972 to a "Cooperating Individual" (informer). He was convicted upon his trial by jury of distribution of heroin, a violation of R.S. 40:966, and was sentenced to pay a fine of $100.00 and to serve ten years at hard labor. On this appeal defendant relies upon two bills of exceptions for a reversal of his conviction and sentence.
Defense counsel reserved Bill No. 1 when the trial court denied a pre-trial motion for appointment of an expert, in which defendant alleged his indigency and requested that a qualified chemist be employed to independently analyze the alleged heroin, at the State's expense. In the written motion defendant denied that the substance was heroin and claimed that his rights to a fair trial would be severely prejudiced if he were unable to obtain independent analysis.
In denying the defendant's motion, the trial court stated that it knew of no statute that requires the State to provide a defendant with an expert, that it knew of no expert available and that one had not been suggested to the Court. At the time that defendant's motion was denied, the *697 State inquired as to whether defendant had an expert to whom it could make available some of the alleged heroin for analysis in conformance with State v. Migliore, 261 La. 722, 260 So.2d 682 (1972). Defense counsel replied that he had a Dr. Bruce Stein, who practiced in Madison, Wisconsin, but that he was unable to make arrangements for delivery because defendant was unable to pay for the services of the expert.
In his brief defendant calls to our attention the federal statute, 18 U.S.C.A. § 3006A(e), which provides for the appointment of experts at Government expense in federal criminal cases. He also notes that other jurisdictions have adopted similar provisions, e. g., New York Code of Criminal Procedure, § 308. Defendant contends that under the Equal Protection and Due Process clauses, and under the Sixth Amendment right to counsel, he is constitutionally entitled to have the State provide independent expert investigatorial assistance.
We are of the opinion that the defendant in the instant case has failed to make an adequate showing that independent expert assistance should have been furnished him at the State's expense. Nothing in the record indicates that the defendant apprised the court of the anticipated cost of obtaining independent analysis or of the particular qualifications of the Madison, Wisconsin expert whom he hoped to employ. The trial court's per curiam to this bill states that defendant had made no showing of special circumstances on which it could base a judicial determination of necessity to appoint an expert. The per curiam further notes that even the federal statute requires more than a mere request for an expert.
It is well to note that in all the cases cited by defendant to support his contention, the right to have independent investigatorial assistance furnished was founded on specific statutory enactments. We are cited to no authority where the recognition of the rights was constitutionally based. Nevertheless, we do not decide by this opinion that a defendant would never have a constitutional right to have independent expert assistance at the State's expense; we only concur in the trial court's finding that the defendant has made no showing of special circumstances which would warrant appointment of an expert. Bill No. 1 is without merit.
Bill No. 2 was reserved when the trial court denied a motion for a mistrial based on allegedly prejudicial testimony given by a prosecution witness, Officer Sam Bolen. The testimony attached to the bill reveals that on direct examination, the witness made a statement that he was able to identify the defendant because he had "handled him before".[*] Defendant counsel inquired, on cross-examination, as to what the police officer-witness meant when he said he "handled him before" and the witness replied that he had arrested defendant on a prior drug charge. Defense counsel challenged the correctness of the statement made by the witness through intense cross-examination. At defendant's request a recess was called in order to allow the witness to check his records to ascertain the correctness of the statement.
When the trial resumed the witness admitted his statement that he was able to identify the defendant because he "handled him before" was incorrect, and that defendant had not been involved in the arrest on the prior drug charge. The witness stated, however, that he recognized defendant "from that case". Defense counsel succeeded in establishing that the recognition of the defendant "from that case" was based on hearsay, not personal knowledge. Thereupon, defense counsel requested that the jury be excused.
*698 Out of the jury's presence, defense counsel stated that he felt compelled to request a mistrial because of the rank hearsay testimony of the officer about any connection of the defendant with a prior case. At this point the court, defendant's counsel, and the State entered into a long discourse about the erroneous testimony of the officer concerning a prior arrest of the defendant. Finally, with the consent of defense counsel and the State, the officer was placed on the stand, out of the presence of the jury, and examined by the State. He admitted that he had never personally seen the defendant, Glass, but had merely viewed a picture of him. Defense counsel insisted that the jury not be given any evidence as to the identification of defendant through a photograph seen during a prior investigation.
The court made further inquiry of the officer and obtained a total admission that he had never handled the defendant before, that he had no knowledge of any prior arrest, and that his recognition of the defendant was not based on a prior arrest. The court then informed counsel that he would instruct the jury that the officer had made an error, and that to the officer's knowledge, defendant had never been charged with a drug violation in Bossier Parish. At this point, the defense counsel re-urged his motion for a mistrial by reserving a bill, stating: "* * * because I don't believe the court can forcefully enough instruct the jury that the man has made two consecutive errors and get them to erase from their minds the fact that there is some connection between this defendant and previous drugs."
After this colloquy, and still out of the presence of the jury, the State told the court that no questions would be asked, in the jury's presence, about the witness' recognition of defendant based on a photograph of him. When the jury returned, the court gave the following instructions and made the following further inquiry of the witness in the presence of the jury:
"Now you will ignore anything that this witness has testified to with reference to having handled this man before. He has testified to you before you were taken out of the Courtroom that he was confused and made an honest error in stating that he had arrested this man or had anything to do with a case that this man was involved in in Bossier Parish, in the Court in Bossier. Further, he has made an error in the fact that this man was accused of a crime in Bossier Parish. Is that correct, Mr. Bolen?
WITNESS: "That is correct."
We are of the opinion that the trial court did not err in denying defendant's motion for a mistrial under circumstances presented in this bill. Apparently, the witness stated on direct examination that he had "handled" the defendant before. It appears that the defendant made no objection, for no bill is reserved, nor is that testimony made a part of this bill.
An objection at this point may have been sustained under the general rule that testimony of prior arrests cannot be elicited in a criminal trial. Even when defendant's counsel developed on his own, in cross-examination, the more damaging testimony about a prior arrest for drugs, he made no objection, nor did he seek to have the court instruct the witness or the jury concerning evidence of prior arrests. The fact is that defendant's counsel, instead of complaining that this evidence was inadmissible because it was contrary to the general rule that testimony of prior offenses or arrests is inadmissible, used this testimony which could have been properly excluded (under the record as we review it) to impeach the officer. Counsel apparently was not concerned about the officer testifying to "handling" the defendant and to having known that defendant was previously arrested on a drug charge. Counsel presumably knew that this information was erroneous. It appears that he calculatedly set out to destroy the credibility of the witness *699 by establishing the inconsistent and erroneous character of his testimony. It was only when he reserved this bill that he objected that instructions to the jury could not erase from their minds the fact that there was some connection between the defendant and drugs on previous occasions.
Defendant's objection at this point, after most of the damaging evidence had been elicited by him under a perfectly logical and reasonable tactical procedure, is of no avail. Defense counsel, to achieve his purpose of attacking the credibility of the witness and impeaching him, had already used this testimony which could have been ruled inadmissible on timely objection.
Defendant's bill of exceptions reserved under these circumstances is without merit.
For the reasons stated, defendant's conviction and sentence are affirmed.
SANDERS, C. J., and SUMMERS, J., concurred in decree.
NOTES
[*] The actual direct examination testimony is not attached to or made part of the bill, but the defense counsel's first question on cross-examination, and the affirmative answer of the witness, establishes that testimony to that effect had been given.