133 N.J. Super. 1 (1975)
334 A.2d 402
STATE OF NEW JERSEY, PLAINTIFF,
v.
WILLIAM RYAN, DEFENDANT.
Superior Court of New Jersey, Somerset County Court, Law Division.
January 16, 1975.
*3 Mr. Joseph Fisch, attorney for defendant.
Mr. Gregory C. Schultz, Deputy Attorney General, and Mr. Nicholas L. Bissell, Jr., Assistant Somerset County Prosecutor, for plaintiff (Mr. William F. Hyland, Attorney General of New Jersey, and Mr. Stephen R. Champi, Somerset County Prosecutor, attorneys).
Mr. George A. Mauro, Jr., Deputy County Counsel, for the County of Somerset (Mr. William E. Ozzard, Somerset County Counsel, attorney).
Mr. Mark S. Anderson, for the Township of Branchburg (Bowlby, Woolson & Guterl, attorneys).
MEREDITH, J.S.C., Temporarily Assigned.
Defendant in this matter is charged with a violation of N.J.S.A. 39: 4-50(a) (driving while under the influence of alcohol). It has previously been determined that defendant, William Ryan, is indigent and therefore counsel has already been assigned at the municipal court level.
The matter now comes before this court by way of a motion for leave to appeal from an interlocutory order of the Branchburg Municipal Court pursuant to R. 3:24. The municipal court entered an order denying defendant's motion that an expert witness be provided for the indigent defendant without cost. On November 25, 1974, this court granted the motion for leave to appeal. Pursuant to that, *4 briefs were filed by the parties as to the merits of the appeal. An additional hearing on the merits was conducted on December 6, 1974.
In essence, the issues on this appeal fall into two levels. First, should an expert be supplied without cost to indigent defendants in drunken driving cases. If so, should there be the necessity of some showing of cause by the particular defendant under the facts of his case. Secondly, if an expert is supplied, which political unit should bear the expense of supplying such an expert.
There is only one reported case which directly deals with these issues in regard to "drunk driving cases." That decision is State v. Lippincott, 124 N.J. Super. 498 (Mun. Ct. 1973). In that case the Municipal Court of Trenton held that an indigent defendant in a prosecution for driving while intoxicated is entitled to appointment at public expense of an expert witness on the effects of alcohol and that the municipal court has the power to make such an assignment. Also, the court determined that the county is the proper political unit to bear the expense of such an appointment. Needless to say, this court does not necessarily feel bound by the holdings of the municipal court in Lippincott. Furthermore, there are additional questions in this case which warrant the attention of the court.
A prosecution for drunken driving is in the nature of a quasi-criminal proceeding and must be so conducted as to respect and safeguard the basic rights normally accorded one accused of a criminal offense. State v. Lanish, 103 N.J. Super. 441, 443 (App. Div. 1968) aff'd o.b., 54 N.J. 93 (1969); State v. Guerrido, 60 N.J. Super. 505, 510 (App. Div. 1960); State v. Brezina, 45 N.J. Super. 596, 608 (Cty. Ct. 1957). For a first conviction under N.J.S.A. 39:4-50(a) there is a mandatory forfeiture of driving privileges for two years, in addition to a fine of not less than $200 nor more than $500 and/or 30 days to three months in jail. A subsequent violation brings a mandatory imprisonment of three months and a forfeiture of driving privileges for ten *5 years. Obviously, the punishments under N.J.S.A. 39:4-50(a) are serious, especially when viewed in the context of our mobile society which frequently makes it necessary for an individual to drive in order to reach his place of employment or merely to carry on the everyday routines of life. It is this seriousness of penalty which has fostered the rule that an indigent defendant in a drunken driving case must have counsel assigned. This necessity for counsel has been established by our Supreme Court in Rodriguez v. Rosenblatt, 58 N.J. 281 (1971):
The practicalities may necessitate the omission of a universal rule for the assignment of counsel to all indigent defendants and such omission may be tolerable in the multitude of petty municipal court cases which do not result in actual imprisonment or in other serious consequences such as the substantial loss of driving privileges. [At 295].
Defendant's right to have counsel assigned is not contested here, for it appears clear that such a right exists. In view of this, the next area of inquiry must be what additional services, if any, are encompassed in the assignment of counsel.
Some insight into this question can be gained from State v. Horton, 34 N.J. 518 (1961). Although Horton is a murder case and deals with a constitutional right to counsel, the following language from the case can be helpful here:
Customarily, and we think properly so, the reasonable costs of necessary items such as experts, whether witnesses or not, medical examinations, scientific tests, photographs, depositions and transcripts, and in essential circumstances, professional investigation, have been ordered paid from public funds by trial courts. The constitutional obligation to furnish counsel to an indigent can sensibly only be construed to include as well that which is necessary to proper defense in addition to the time and professional efforts of an attorney and we have no doubt of the inherent power of a court to require such to be provided at public expense. [At 534].
*6 State v. Rush, 46 N.J. 399 (1966) built upon the base established in State v. Horton, supra, and held that an assigned counsel for an indigent in a non-murder case was entitled to reasonable counsel fees and reimbursement for certain out-of-pocket expenses which constituted costs of investigation for the defense. The court apparently based its decision upon what it viewed as "the obligation of the State to provide the indigent with the means for an appropriate defense * * *." 46 N.J. at 416.
Additionally, the Supreme Court has recognized in other cases the necessity of retaining an expert for an indigent defendant at the public's expense where the facts warranted such an appointment. In State v. Williams, 46 N.J. 427 (1966), which was a prosecution for entering with intent to steal, the court recognized the authority to retain a toxicologist at the expense of the county for an indigent defendant. Also, in State v. Green, 55 N.J. 13 (1969), which dealt with the forging of a check, the court held that where the pivotal fact was whether the defendant had signed the check, the trial court should have appointed a handwriting expert at no cost to the indigent defendant.
Furthermore, the legislation which established the Public Defender's Office in 1967 also recognized the obligation to provide services in addition to merely an attorney. In pertinent part N.J.S.A. 2A:158A-5 reads: "* * * All necessary services and facilities of representation (including investigation and other preparation) shall be provided in every case * * *."
In view of this background, it seems clear to the court that the effective assignment of counsel means more than just providing an indigent defendant with an attorney. It also means providing the lawyer with the appropriate tools and services that he needs to carry on his defense. Therefore, in a prosecution for driving while intoxicated, an indigent defendant may be entitled to the appointment at public expense of an expert witness.
*7 In reaching this conclusion, this court is in agreement with State v. Lippincott, supra. At this point, however, there is a factual divergence between Lippincott and the present case. In Lippincott it was "undisputed by any of the parties that there is the need for an expert witness to adequately protect defendant's rights." 124 N.J. Super. at 501. In the present case, on the other hand, there is considerable disagreement as to the necessity of the appointment of an expert.
Defendant contends that an expert is necessary in all drunken driving cases. Also, specifically, defendant maintains that an expert is needed here to testify as to consumption, ingestion and absorption rates of alcohol upon the human body; the condition of the breathalyzer and conduct of the breath test, and any appropriate defenses that might be raised. Defendant argues that since evidence in a prosecution under N.J.S.A. 39:4-50(a) is technical in nature, the assistance of an expert witness is a necessity. Reliance is placed upon In re Gannon, 123 N.J. Super. 104 (Cty. Ct. 1973).
Gannon is a case in which this court held that in a commitment proceeding, due process includes the right of an indigent to have an independent psychiatric examination. A commitment proceeding is substantially different than a drunken driving case. In a commitment hearing, there is, by necessity, expert testimony and prior certification by the State's expert that the defendant is insane. The court finds that the proofs presented by the State at a drunken driving case may be significantly different than those adduced at a commitment proceeding. Therefore, the court feels Gannon is distinguishable from the present situation and is not supportive of the contention that the appointment of an expert witness to an indigent defendant is a necessity in all drunken driving cases.
The State of New Jersey, the County of Somerset and the Township of Branchburg disagree with the necessity of an expert in all drunken driving cases. Their position is *8 generally that there must be some appropriate showing to warrant the appointment of an expert at public expense. The court is in agreement that an expert is not necessary for every drunken driving case and that some circumstances must be established to show that the defendant is entitled to an expert under the facts of the particular case. In determining what are appropriate circumstances, it would be beneficial to survey generally the approaches used by our sister states and the federal jurisdictions in deciding when experts are to be supplied to indigent defendants in criminal cases.
Many of our sister states have established, by statute or by case law, the practice of supplying services, such as expert witnesses and investigative aids, to indigent defendants in criminal prosecutions. This practice, however, is not an unbridled one in which a defendant receives everything that he might request. Rather, there must be circumstances in the case which warrant the granting of the defendant's request; namely, those circumstances must be that the request furnishes assistance which is reasonably necessary for the indigent's defense. The Iowa Supreme Court in State v. Campbell, 215 N.W.2d 227 (1974) made this position clear when it said:
If what an indigent requests is reasonably necessary for his defense, he should not be denied access to it because he is without funds. But the courts need not furnish everything a defendant demands, no matter how unimportant or frivolous it may be. [At 229].
Other state courts have also consistently held that in order for an indigent defendant to receive services at the public expense, there must be a showing that the services are necessary in presenting an adequate defense. People v. Clay, 19 Ill. App.3d 296, 311 N.E.2d 384, 386 (App. Ct. 1974); State v. Glass, 283 So.2d 696, 697 (La. Sup. Ct. 1973); State v. Frazier, 85 N.M. 545, 514 P.2d 302, 304 (Ct. App. 1973); Collins v. State, 14 Md. App. 674, 288 A.2d 221, 224 (Ct. Spec. App. 1972); People v. Glover, 49 Ill.2d 78, 273 *9 N.E.2d 367, 370 (Sup. Ct. 1971); Gaither v. State, 13 Md. App. 245, 282 A.2d 535, 536 (Ct. Spec. App. 1971); State v. Dillon, 93 Idaho 698, 471 P.2d 553, 559-560 (Sup. Ct. 1970). In addition, what is necessary for an adequate defense is within the discretion of the court and must be decided upon the facts and circumstances of each case. State v. Campbell, 210 Kan. 265, 500 P.2d 21, 29 (Sup. Ct. 1972); Dolan v. People, 168 Colo. 19, 449 P.2d 828, 836 (Sup. Ct. 1969); State v. Taylor, 202 Kan. 202, 447 P.2d 806, 809 (Sup. Ct. 1968).
In giving indigent defendants services other than counsel, the federal courts are controlled by 18 U.S.C.A. § 3006A(e):
Counsel for a defendant who is financially unable to obtain investigate, expert, or other services necessary to an adequate defense in his case may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the defendant is financially unable to obtain them, the court shall authorize counsel to obtain the services on behalf of the defendant.
The above section not only establishes the right of an indigent defendant to receive services other than counsel, but it also dictates the circumstances under which these services are to be provided. In essence, the statute establishes a two-prong test:
The test to be applied in determining whether the court should provide such service consists of two factors: whether the defendant is financially unable to obtain the required service himself, and whether the service is necessary to the preparation and presentation of an adequate defense." [United States v. Chavis, 155 U.S. App. D.C. 190, 476 F.2d 1137, 1143 (D.C. Cir.1973)].
The statute does not authorize "a mere fishing expedition," United States v. Schultz, 431 F.2d 907, 911 (8 Cir.1970), but rather tries to put an indigent defendant as nearly as possible on a par with nonindigents and to provide an indigent with the same services that a defendant having independent financial means would employ. United States v. *10 Schappel, 144 U.S. App. D.C. 240, 445 F.2d 716, 721 (D.C. Cir.1971); United States v. Bass, 477 F.2d 723, 724 (9 Cir.1973); United States v. Theriault, 440 F.2d 713, 717 (5 Cir.1971); United States v. Sanders, 459 F.2d 1001, 1002 (9 Cir.1972).
After this survey of other state and federal cases, it is clear that there must be some showing before expert services are supplied to an indigent defendant. The circumstances which must be presented to the court have to indicate that the requested services are necessary for an adequate defense. Also, there must, of course, be an adequate determination that the defendant is, in fact, indigent.
These standards seem to be in concert with the holdings in State v. Horton, supra; State v. Rush, supra; State v. Williams, supra; and State v. Green, supra. Therefore, this court holds that in order for an indigent to receive expert services without cost, the defendant must show that the requested services are necessary for an adequate defense.
Specifically, now, the inquiry must be when is the granting of expert services to an indigent defendant in a drunken driving case necessary for an adequate defense. Needless to say this determination can only be made in reference to the many particular facts and circumstances of each case. The court feels, however, that there are certain general questions which may be helpful in determining whether an expert is necessary in the particular drunken driving case: (1) Whether the actual reading from the chemical or breath test presents a valid question as to whether the alcohol level might have been significantly lower in view of the time span; (2) Whether there is reasonable question as to the operation of the machine or the qualifications of the operator; (3) Whether there are observed symptoms which are inconsistent with the test results; (4) Whether there are any other tests taken after the defendant's immediate release from police which might prove evidentiary; and (5) Whether there are any unusual medical *11 problems of the defendant which might affect the test results.
In determining whether the present case necessitates supplying Mr. Ryan with an expert, the court will apply the above questions to the factual representations of this case. There is a breathalyzer reading of .26 and a time span of less than an hour between the taking of the test and the last drinking. By any standards a reading of .26 must be considered high. That reading is approximately .10 points above the level that gives rise to the presumption of being under the influence of alcohol. As the court discussed earlier, part of the purpose behind supplying experts to indigent defendants is to put the indigent on a par with the defendant who is able to pay for his own collateral services. The court strongly doubts that a nonindigent defendant would hire an expert solely to argue that a .26 reading could reasonably be so much lower as to negate the presumption that is raised by that reading without the existence of unusual circumstances. Therefore, the court holds that in reference to the breathalyzer reading defendant has not shown that an expert is necessary for an adequate defense.
Defendant contends that an expert is needed to testify as to the condition of the breathalyzer and the conduct of the test. This squarely comes within the second of the above five questions. Although defendant has made this request, he has presented no circumstances or facts that give rise to even a slight question as to the administration of the breathalyzer test or the condition of the machine. Absent such a presentation, the court holds that there is no showing that an expert is necessary in relation to the breathalyzer test or machine.
From the facts of this case, there is no evidence that indicates the applicability of the last three of five general questions posed in determining whether an expert is necessary. Therefore, the court feels that the defendant has not adequately shown that he is entitled to the appointment of an expert in this case. His arguments have been general and they have lacked the specifics which would enable a court to *12 reasonably conclude that the requested expert is needed. Thus, he has failed to demonstrate that an expert witness is, in fact, necessary for an adequate defense and, therefore, he has not made the threshold showing that is required before an expert can be appointed to an indigent defendant at public expense.
The court feels that it is not necessary in this case to deal directly with the issue of who should bear the cost of supplying an expert to an indigent, since no expert is being supplied in this instance. The court does feel, however, that it is appropriate to cite with agreement the holdings of State v. Rush, supra and State v. Lippincott, supra which state that the county is the political unit which should bear the expense of prosecution.
The order of the municipal court denying defendant's motion that an expert witness be provided to him without cost is hereby affirmed.