State v. Johnson.

---

### THE STATE v. JOEL M. JOHNSON.

1. On an indictment for rape, the defendant may be convicted of an assault, and found not guilty of the rape.
2. Under the laws of this state, a party indicted for a crime may be convicted of any offence of a lower degree, provided such lower offence is included within the description in the indictment, without regard to the question whether it was or was not technically a felony.

On indictment for rape.

The defendant having been indicted in the Oyer and Terminer of the county of Passaic, and on the trial acquitted of rape, and convicted of an assault, the question was reserved for the advisory opinion of this court, whether judgment could be entered on the verdict.

For the state, *H. A. Williams.*

For the defendant, *J. S. Barkalow* and *S. Tuttle.*

CHIEF JUSTICE. At the Oyer, the defendant was convicted of an assault upon an indictment for rape, and found not guilty of the rape.

The question was reserved to be argued at bar whether such a conviction was lawful. The case was argued at the

last term of the court, and the Oyer advised to proceed to judgment.

We think the conviction was proper. The indictment charged an assault in due form.

The general rule seems well settled, that it is not necessary to prove all the allegations of an indictment, where the evidence makes out a substantive offence of a lesser grade; that the defendant may be convicted of that, if charged in the indictment, although as an ingredient in the greater offence. *Arch. Crim. Pl.* 106 ; *Whart. Cr. Law* 226 ; 1 *Greenl. on Ev.*, § 680; 1 *Chitty's Cr. Law* 637.

Upon an indictment for burglariously stealing, the prisoner may be convicted of the theft, and acquitted of the nocturnal entry.· 1 *Leach* 36, 88 ; 2 *East's P. C.* 516 ; .1 *Hale* 559.

On an indictment for murder, the defendant may be convicted of manslaughter. *Co. Litt.* 282, *a ; 2 Hale* 302 ; *Barley's case, Cro. Eliz.* 296.

On an indictment for grand larceny, there may be a conviction for petit larceny. 2 *Hale* 302; *People* v. *White,* 22 *Wend.* 176 ; *People* v. *Jackson,* 2 *Hill* 92.

.The doctrine has been uniformly held by the English courts, where the crime proved has been of the same general character as that charged. It was said that an indictment for a felony would not support a conviction for a misdemeanor. 1 *Arch. Cr. Pr.* 166 ; 2 *Stra.* 1133 ; 1 *Leach* 12.

The only reason given for this exception was, that on an indictment for a felony; the prisoner would not have the benefit of a copy of the indictment, a special jury, and of making full defence by counsel. *Stra. Rep.* 1137 ; *Cro. Car.* 332 ; 1 *Hawk.,* b. 2, c. 47, 96.

By statute 7 *Wm.* 4, and 1 *Vict.* c. 85, § 11, the law is altered so that, on the trial of an indictment for any felony which includes an assault, the jury may convict of an assault only.

There are many conclusive reasons why this conviction should be sustained.

The original rule, that felony and misdemeanor could not

be joined, had its origin in the diversity of the mode of proceeding in the two cases, giving greater privileges on the trial for the lesser offence. That is not the case under our law, but the reverse.

By our statute, the offence of rape at common law is not a felony, but a high misdemeanor. *Nix. Dig.* 162, § 10.*

The technical reason for the non-joinder of rape and assault is thus removed.

The interests of public justice require that when an offence, clearly and distinctly charged in an indictment, is made out by the evidence, that the defendant should not, for a purely artificial reason having now no foundation except in obsolete and repealed laws, be acquitted.

When the offence is charged and proved, there can be no surprise upon the defendant, and instead of losing his privileges by a trial for the minor offence, they are enlarged upon an indictment for the minor offence, or at least remain the same.

The has been some contrariety of decision on this point in the courts of this country. It is not necessary to review the cases. They cannot be reconciled. We are at liberty to adopt a convenient rule of practice on this subject; one which will best promote the public good, and at the same time deprive parties indicted of no substantial right.

The rule enunciated in the New York cases cited is convenient, and violates no rule of our criminal law.

ELMER, J. Notwithstanding the general doctrine of the common law, that upon an indictment charging a felony the defendant could not be convicted of a misdemeanor, it is doubtful whether this rule was applied to the case of rape. *Harman* v. *Comm.*, 12 *Serg. & R.* 71 ; *Cook* v. *State*, 4 *Zab.* 486 ; *Rex* v. *Dawson*, 3 *Stark.* 62.

However this may have been, I am satisfied that, under the existing statutes and practice in New Jersey, a party indicted for a crime may be convicted of any offence of a lower degree, provided such lower offence is included within the

* *Rev.*, p. 241, § 80.

description in the indictment, without regard to the question whether it is or is not technically a felony. Our statutes describe crimes of all descriptions as high misdemeanors, or misdemeanors only, many of the latter being of the class of felonies. The use of the word felony, indeed, seems to be studiously avoided. Peremptory challenges are allowed only in certain enumerated cases, and the mode of trial is substantially the same in all. The court will undoubtedly exercise a discretion, governed very much by the nature of the offence, in regard to the personal appearance of the defendant and his committal into actual custody during the progress of the trial; and it may be that in determining what are still offences of an indictable nature at common law, and the power of arrest, regard must be had to the common law distinction between felonies and misdemeanors; but so far as the trial is concerned, there is no longer any reason for it. The ancient rules in regard to trials, even in capital cases, have been modified in this state, so that now the prisoner is allowed to appear and plead by attorney, and he is allowed to be fully defended by counsel in all cases. *Donnelly* v. *State*, 2 *Dutcher* 468. I am therefore of opinion that judgment should be rendered for the state.

Judgment for the state.