JOHN BUTTERHOF, APPELLANT, v. JOSEPH BUTTERHOF, RESPONDENT.

Submitted November 25, 1912—Decided March 3, 1913.

1. A deed of conveyance made upon an express money consideration and without right of re-entry stipulated that the grantee as part of the consideration should provide support and maintenance for the grantor during his natural life. *Held,* that the continuing obligation of the grantee was a part of the consideration for the deed and that for the breach of it the grantor had his action for damages, but that it did not render the fee conveyed by the deed conditional or base so that an action of ejectment would lie.
2. If an action of ejectment is brought in a case where ejectment will not lie and the trial court erroneously denies a motion to direct a verdict for the defendant on this ground, and the jury finds for the defendant, the plaintiff is not prejudiced by the charge and cannot avail himself of errors therein if upon appeal it appears that he is not entitled to succeed in any event.
3. Under the new Practice act a judgment for the defendant in ejectment entered upon the verdict of a jury will not be reversed for error in the charge if the same verdict ought to have been directed upon the ground that ejectment will not lie.

On appeal from the Supreme Court.

For the appellant, *Bourgeois & Coulomb.*

For the respondent, *Garrison & Voorhees.*

The opinion of the court was delivered by

GARRISON, J. This is an appeal under the new Practice act. *Pamph. L.* 1912, *p.* 377. The judgment was entered in the trial court for the defendant upon the verdict of a jury in an action of ejectment brought upon a deed of conveyance for condition broken. The deed was made by the plaintiff to the defendant on February 11th, 1899, upon the consideration of $3,000 and contained the following provision: "This conveyance is made upon the further condition which forms part of the consideration that the said Joseph Butterhof shall provide reasonable support and maintenance for the said John Butterhof during the term of his natural life."

The deed contained no forfeiture clause or right of re-entry.

The case of the plaintiff as developed at the trial was that the defendant was his son, that the consideration was paid in cash and a mortgage of the same amount discharged by the defendant; that the plaintiff was maintained and supported by the defendant from the time of the making of the deed to the day of the trial, a period of some thirteen years, and that such support and maintenance was satisfactory to the plaintiff until about four years before the trial when it became at times inadequate and unsatisfactory. Testimony as to the defendant's failure to provide reasonable maintenance concluded the plaintiff's case, at the close of which the defendant moved for a nonsuit upon the ground that the agreement to provide support and maintenance was a part of the consideration for the deed for the breach of which, unless waived, an action for damages was the proper remedy, and that in the absence of a re-entry clause in the deed the right of the plaintiff was not ejectment but an action for damages.

This motion was denied, and at the close of the entire case, the defendant moved for the direction of a verdict upon the same grounds, which was likewise denied.

The case then went to the jury who returned a verdict for the defendant, on which the judgment under review was entered.

The plaintiff, now the appellant, has assigned as grounds for reversal numerous errors in the judge's charge to the jury which we do not propose to consider for the reason that if errors in the charge were committed they would not lead to a reversal if the verdict that was in fact rendered by the jury should in law have been directed by the court.

If the action of ejectment would not lie, which was the ground of the motion for the direction of a verdict, the present judgment is right and the appellant is not injured by what was said to the jury so long as he is afforded the opportunity to argue upon appeal that his action of ejectment would lie. The pertinence of this question upon the present appeal was recognized by both parties each of whom has fully argued it in his brief. Such being the fundamental question, and such the substantial right of the appellant, we are forbidden by section 27 of the new Practice act to reverse the judgment for any misdirection, unless such error injuriously affected such substantial right of the appellant; and section 25 of the same act provides that the appeal we are now considering shall be in the nature of a rehearing upon any question of law involved in any ruling below. The latter provision is broad enough to draw under review the ruling of the court below refusing to direct a verdict for the defendant, and the former forbids us to reverse the judgment for any misdirection if the same verdict ought, as matter of law, to have been directed by the court, for thus only can the substantial legal rights of the parties be adjudged upon this appeal and the piecemeal process of prolonged litigation be effectively terminated.

To review *seriatim* the inconsequential errors that the trial judge may have made in what he said to the jury, while at the same time ignoring the fundamental error he made in not directing a verdict for the defendant, would be at once a sheer waste of time and a flagrant unobservance of the legislative precept.

I am not implying that there were errors in the judge's charge, neither am I to be understood as suggesting that without regard to the new Practice act the same result would not

be reached upon common law principles. The case of *Osborne* v. *Tunis,* 1 *Dutcher* 633, indicates this; and the recent case of *Sypherd* v. *Myers,* 51 *Vroom* 321, is to the same effect, as also are the cases in our own and other states collected in the digests under the head of "errors as affecting a party not entitled to succeed in any event."

It is futile, however, to recapitulate common law authority upon a point of procedure that is laid down for our guidance by a code of practice.       -

This brings us to the fundamental question whether in any event the appellant is entitled to succeed which, for the purposes of this appeal, is presented by the question whether a verdict ought to have been directed at the trial upon the ground that ejectment would not lie and that in turn depends upon whether the agreement of the defendant to support the plaintiff contained in the deed affected the fee thereby conveyed so as to render it conditional or base or whether it was merely a part of the consideration of the deed, and hence, at most, a covenant for the breach of which an action for damages would lie.

We are clearly of the opinion that it was of this latter character, not only because it is the plaintiff's deed and forfeitures are not favored by the law, but also because the deed itself states that the stipulated support is part of its consideration. If there is any doubt upon this point the reasoning of Mr. Justice Fort, in *Cooper* v. *Colson,* 21 *Dick. Ch. Rep.* 328, renders it perfectly clear that the promise of the defendant to support the plaintiff, being an obligation the breach of which could be estimated and compensated for by a *quantum meruit,* was merely a part of the consideration for the property conveyed, as much so as if it had been a promissory note or a bond with a future due date.

If the agreement had been to pay a certain sum per week for the grantor's support during his natural life, and the grantee after paying such sum for many years had ceased paying it, no one I suppose would contend that thereupon the property would revert to the grantor. Yet such was the trial

theory of the plaintiff. These considerations, coupled with the fact that no provision of forfeiture or re-entry is contained in the deed, make it clear that the action of ejectment did not lie, and that the appellant is in the position of one not entitled to succeed in any event. This being so, the trial judge should have directed a verdict for the defendant which verdict would have supported the present judgment; and this being so, no substantial right of the appellant is injuriously affected by our refusal to reverse such judgment because of a misdirection of the jury, assuming that such trial error exists.

Upon this ground the judgment brought up by this appeal is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, TREACY, JJ. 13.

*For reversal*—None.