SIMON DUNN, appellant,

*v.*

JAMES V. RYAN et al., respondents.

[Submitted July 7th, 1913. Decided November 17th, 1913.]

A conveyance by a grantor of land, founded both upon a money consideration and an express written agreement by the grantees that, as a part of the consideration, they would take care of the grantor "as long as he lives, providing him with a home and rendering him whatever services he requires," was *held* to constitute a continuing contractual obligation of the grantees for the violation of which the grantor had his action at law for damages, but that such violation did not render the fee conveyed by the deed conditional so that a bill to set aside the conveyance was sustainable in equity.

---

On appeal from a decree of the court of chancery advised by Vice-Chancellor Lewis.

*Mr. William Tyacke, Jr.,* and *Mr. George E. Clymer,* for the appellant.

*Mr. Willard W. Cutler,* for the appellees.

The opinion of the court was delivered by

VREDENBURGH, J.

In March, 1912, the complainant (a man about eighty years old, whose wife had recently died) conveyed to the defendants by deed in fee reserving to himself a life estate, his dwelling-house and premises worth about $3,000, for the consideration of $1,000 in cash, and the execution by the defendants of a written agreement to take care of him next mentioned.

The grantor, by the express terms of his grant, provided that he should retain possession of the premises as long as he should live, and by a separate agreement in writing (executed practically at the same time as the deed) obtained from the defendants their covenant under seal, reciting that in consideration of said conveyance from him they promised and agreed, in these words, viz.: "To take care of him as long as he lives, providing him with a home and rendering him whatever services he requires."

After the execution of these papers the defendant, Mrs. Ryan, with the assistance of her daughter, seems by the evidence given at the hearing, to have proceeded to carry out in good faith this contract, until in the month of May next ensuing, the complainant, by his conduct and demeanor toward the daughter, made it so unpleasant and unbearable for her that she became sick and went home. When her mother, shortly thereafter, came to take her place the complainant said to her it was too late as he had begun the present suit.

This suit was commenced on May 31st, 1912, by the filing of an injunction bill by the complainant against the grantees of the deed praying that they be decreed to execute to the complainant a deed for the premises he had conveyed to them in March, upon his payment to them of $1,000, and that they might be restrained from conveying away or encumbering the premises, and for other relief. There is no specific prayer in the bill that the deed be set aside or declared void, but such in effect was the final relief sought.

The particular grounds for equitable interference on which

the bill is based, are that the defendants have not provided complainant with a home, and have not furnished him the necessaries of life according to their agreement under which he conveyed the property, and have refused to do so although often requested.

There is a general charge in the bill that the defendants induced complainant to make the conveyance never intending to take care of him or provide him with the necessaries of life, but fraudulently induced him to make the conveyance. No facts are stated in the bill to support this charge, nor was there any evidence of fraud offered. On the contrary, the evidence shows the deed was drawn by and was duly acknowledged before complainant's own attorney, selected by him in the absence of the defendants, and apparently without their knowledge. It was drawn in exact accordance with his wishes. He had independent advice, and was not proved to have been subjected to any influence, and there is nothing in the evidence to show the defendants possessed any influence over him. He testified that he asked nobody's advice about the execution of the deed, but did it (to use his own words) *"of his own free will."* There was no proof that the complainant lacked normal mental capacity, nor was his competency to execute the deed questioned.

We think the deed is not open to the attack made against it whether the defendants have performed their contract to care for the complainant or not. If the defendants broke their contract it was the breach of a *covenant,* and not of a *condition.* The complainant's theory of his legal rights, as exhibited by the prayer of his bill asking, in effect, to set aside his deed as for a condition broken, is untenable, and in such theory, we think, the complainant was in error.

It must be conceded that the agreement in question was regarded by the parties and was so expressed, as a part of the *consideration* of the deed, and not as a *condition.* It was simply a contract under seal, for the non-performance of which an action at law for damages would lie. This distinction was clearly defined in the recent case in this court of *Butlerhof* v. *Butterhof, 86 Atl. Rep. 394, 395,* under the authorities there cited.

In this case a deed was made by a father to his son upon a money consideration, and upon an express stipulation that the grantee as part of the consideration should provide support and maintenance for the grantor during his natural life. It was found by the court that the continuing obligation of the grantee was a part of the *consideration* for the deed, and it was held that for the breach of it the grantor had his action at law for damages, but that such breach did not render the fee conveyed by the deed *conditional* or base.

The learned vice-chancellor, in his oral opinion below, concluded there was nothing in the testimony indicating a violation of the agreement in question. We agree with him in this conclusion of fact under the evidence. He seems, however, to have treated the case as one where in equity the *deed* might be *set aside* if the defendants failed to perform the contract, but in this view we do not concur. We think the deed must stand whether the defendants performed their contract to care for the complainant or not.

Since, under the evidence, and for the reasons above stated, we think, the validity of the deed cannot be successfully assailed, it would be of no avail to discuss other questions raised by appellant's brief. The decree below is affirmed.

*For affirmance*—The Chief-Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Voorhees, Minturn, Kalisch, Vredenburgh, Congdon, White, Terhune, Heppenheimer —14.

*For reversal*—None.