UNION COUNTY COURT OF COMMON PLEAS.

STATE OF NEW JERSEY, complainant,

*v.*

CYRUS P. WILCOX, defendant.

**Motor Vehicles—Driving While Intoxicated—Proceedings in Issuance of Warrant—Jurisdiction of Court.**

*Messrs. Reed & Crane,* for the complainant.

*Mr. Robert N. Crane,* for the defendant.

STEIN, J.

The defendant was convicted by William Demeza, city judge of Plainfield, for violation of section 14 of article 3 of the laws of 1921, chapter 208, and the amendments and supplements thereto. He was charged with having on the 23d day of February, 1924, at the city of Plainfield, operated a motor vehicle while under the influence of intoxicating liquor, or narcotics or habit-forming drugs, and upon such conviction was sentenced to the county jail for a period of thirty (30) days, and, in addition thereto, his license was revoked.

Appeal was taken to this court, and, as required by the statute, the order, complaint and transcript of the proceedings below are now before it. It is contended by counsel for defendant that the record and the transcript of the proceedings fail to give the court jurisdiction—firstly, because the conviction is not in the form provided for by chapter 137 of the laws of 1923, and, secondly, because no warrant was issued as provided for in section 31 of the act of 1921.

As to the first point, it is without merit, because under section 28, when an appeal is taken to the court of common pleas, the act provides that this court shall, *"de novo,* and

in a summary way, try and determine all such appeals," so that if the form of conviction below was improper a proper form of conviction could be entered by this court, if, upon the trial *de novo,* the defendant was found guilty.

As to the second point, the defendant was arrested by State Trooper Apgar on February 25th, without a warrant, for a violation of the law committed in his presence. The law provides, among other things, that an officer, upon satisfying himself that an offender is a resident of this state "may," instead of arresting such offender, * * * serve upon him a summons to appear before any police court, recorder's court or other court of competent jurisdiction in the county, city, town, township, village, borough or other municipality wherein such officer is authorized to discharge his duties, but, when an arrest is made without a warrant, the person so offending "shall" be detained in the office of the magistrate until the officer making such arrest "shall" make oath or affirmation, "which he shall do forthwith," declaring that the person under arrest has violated the provisions of the law, "whereupon said magistrate shall issue a warrant returnable forthwith," and proceed summarily to hear or postpone the case, as provided in sections 26 and 27 of the act.

It appears from the transcript that, although the defendant was taken into custody by Trooper Apgar on February 25th, 1924, and the hearing postponed from time to time until March 21st, 1924, that in the *interim* no complaint was made until March 21st, 1924, the day of the hearing, and no warrant was in fact ever issued.

The presumption is that the word "shall" in a statute is used in an imperative and not a directory sense. If a different interpretation is sought, it must rest upon something in the character of the legislation or in the context, which will justify a different meaning. *Hayethorn* v. *Van Kuren & Son, 79 N. J. Law 101.*

There is nothing in the language of the section to indicate that the word "shall" was used in a permissive sense— indeed, the legislature plainly distinguished between man-

datory and directory language, for in the same section the legislature was quite clear in giving the officer permission to serve the defendant with summons, instead of arresting him, for it says he "may," upon satisfying himself that the offender is a resident of the state, serve him with summons to appear.

Further, the Motor Vehicle act is a penal statute, and is, therefore, *quasi*-criminal in character. *Watt* v. *Wallerius, 2 N. J. Adv. R. 508*. While section 28 provides that this court shall, *de novo,* and in a summary way try and determine such cases on appeal, it must do so on the transcript of the proceedings below. If that court had no jurisdiction, none can be acquired in this court to hear the case *de novo.* The motion of the counsel for the defendant addressed to the infirmity in the proceedings below is proper. *Grauzauskas* v. *State, 2 N. J. Mis. R. 307*. No warrant having been issued, the judgment of the city court of Plainfield will be reversed.