Bruno *v.* Bruno, Appellant.

Argued May 26, 1961. Before JONES, C. J., BELL, JONES, COHEN, BOK and EAGEN, JJ.

*Robert W. Lentz*, with him *Reilly, Fogwell & Lentz*, for appellants.

*C. Richard Morton*, with him *Cadmus & Morton*, for appellee.

OPINION BY MR. JUSTICE BOK, July 17, 1961:

This case involves the broken promise by a son and his wife to support the son's aged father in return for his deeding them his real estate. The case has a novel turn in that there was also money passed in the deal.

The court below held that the deed was not induced by fraud or undue influence, that the confidential relationship between the parties had not been violated, but that there had been a partial failure of consideration warranting a recission of the deal and a reconveyance of the property because the defendants did not furnish adequate support and care. The defendants appealed.

The family appears to have been short on education but long on temperament. The court below has found as fact that after two or three months of living together

the parties began to disagree and quarrel: the wife defendant stopped shaving the plaintiff, she and her husband once pushed and slapped him, his room was cold, his social security and pension checks were at times withheld, he was not given a home in any spiritual sense of the word. Since both sides were awkward and confused in their testimony, and at times incoherent, such a case is usually one for the lower court to solve, except as we have every right and even the duty, under *Noonan Estate*, 361 Pa. 26 (1949), 63 A. 2d 80, to look afresh at the evidence and the law applied to it.

Ordinarily a deed otherwise valid cannot be impugned by total or partial failure of consideration, but support cases form an exception to this rule: *Shook v. Bergstrasser*, 356 Pa. 167 (1947), 51 A. 2d 681.

Where there is a confidential relationship, as here, the burden shifts to the grantee of the property to show full performance of the contract of care: *Borys v. Halko*, 124 Pa. Superior Ct. 418 (1936), 188 A. 539; *Payne v. Winters*, 366 Pa. 299 (1951), 77 A. 2d 407. The court below felt that the defendants did not meet this burden.

The fact that distinguishes this case from all others in the Pennsylvania lexicon is that the defendants mortgaged the property after they got title and paid $6816.79, net of expenses, to the lawyers for payment to plaintiff's wife, Jane. With divorce brewing between them, he had promised to pay her $8000 for her interest in the land. Its value was $14,500, and the defendants bound themselves to pay an $8000 mortgage. Two years later they sold part of the land to some people named Stong for $6500. The court below considered the proceeds of $6500 as an effective setoff against the $6816.79 which they had paid plaintiff to buy off Jane, but we see no necessary connection between the two facts. The amounts are deceptively but not legally close, and there is no evidence that either side has offered to make

the other whole. The deal was not, therefore, the usual one of a transfer of property against a promise of support and an ultimate failure of consideration when the promise was broken. This was a sale for a substantial cash consideration, plus the promise of support, and when the promise was broken there could be no more than a partial failure of consideration which may be redressed by an action for damages but not by a transfer back of the real estate.

From other jurisdictions there are two cases in point from New Jersey: *Butterhof v. Butterhof*, 84 N.J.L. 285 (1913), 86 A. 394, and *Dunn v. Ryan*, 88 A. 1025 (N.J. 1913). In both cases there was a promise of support and a cash payment for the land. The New Jersey court held that the breach of the promise to support did not render the fee conditional or base, refused rescission and restitution, and left the grantor to his action at law for damages.

Appellant argues that a reconveyance may be ordered upon either a partial or total failure of consideration, citing *Ziegenfuss v. Ziegenfuss*, 160 Pa. Superior Ct. 374 (1947), 51 A. 2d 508. The argument is that even if there was a cash consideration as well as a promise to support, a breach of the promise to support is a partial failure of consideration that justifies rescission. This is ingenious but erroneous. The two elements of consideration are different; the cash payment was an executed contract, the promise to support is continuing and executory. Furthermore, where there is a promise to support there are myriad services contemplated, such as providing food and shelter and warmth and clothing and light: if none of these is provided the failure of consideration is total, but if less than all are neglected, the failure is partial. In *Borys v. Halko*, supra (124 Pa. Superior Ct. 418), quoted by us in *Shook v. Bergstrasser*, supra (356 Pa. 167), the Superior Court said: "The court prefers to treat deeds having such a con-

siteration in the nature of an executory contract. The burden is on the grantee to show full performance of his agreement to care for the grantor."

We said, in *Payne v. Winters,* 366 Pa. 299 (1951), 77 A. 2d 407: "The burden rests upon the grantee to show full performance of the agreement to care for, maintain and provide a home for the grantor."

Because of the executed cash contract to pay for the land, the failure of the executory contract to support shall not work a rescission of the whole. Plaintiff must be left to his remedy of a claim for damages.

Decree reversed: parties shall bear their own costs.

Mr. Justice BENJAMIN R. JONES dissents.