96 N.J. Super. 109 (1967)
232 A.2d 477
STATE OF NEW JERSEY,
v.
ANDREW P. MAGAI, DEFENDANT.
Superior Court of New Jersey, Essex County Court.
Decided July 18, 1967.
*111 Mr. Emanuel A. Pfeiffer for defendant.
Mr. Irwin Rein, Assistant Prosecutor, for respondent (Mr. Brendan T. Byrne, Essex County Prosecutor, attorney).
KAPP, J.C.C.
This appeal is from a conviction for driving while under the influence of intoxicating liquor, *112 N.J.S.A. 39:4-50. A transcript of the testimony taken in the Millburn Municipal Court is available.
Briefly stated, defendant was observed operating a motor vehicle in a weaving manner; thereafter upon alighting from the car he staggered; and when confronted by the arresting officer an alcoholic odor was detected on his breath. The circumstances considered caused the officer to remove him to an Essex County Park Police substation for a breathalyzer test pursuant to N.J.S.A. 39:4-50.2, which revealed a finding of .174% blood alcohol.
Prior to administering the breathalyzer test the arresting officer dutifully informed defendant of his rights, in accordance with N.J.S.A. 39:4-50.2(d). He was specifically told that he could make a telephone call to summon a physician of his choice to make an independent examination and analysis. N.J.S.A. 39:4-50.2(c). With respect to the telephone call, he was informed that he would be required to log the call and subscribe to such an entry in the log. However, upon his refusal to comply with this requirement he was denied the right to make a call prior to the test.
Defendant now contends that the logging procedure of the Essex County Park Police was improper and that such conduct amounted to a denial of his rights under both the 14th Amendment of the United States Constitution and N.J.S.A. 39:4-50.2(c).
Initially, it is to be observed that the United States Supreme Court has held that the removal of blood from one charged as a defendant upon a criminal accusation does not work a violation of the Fifth Amendment. The character of a defendant's blood relates to his corporeal features, and does not involve any testimonial compulsion prohibited by the Bill of Rights. Schmerber v. State of California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). Furthermore, even if there had been some such manner of infringement in the instant case, our state courts have nevertheless decided that the rules of Miranda and other recent cases are not *113 to be applied in prosecutions of motor vehicle violations. State v. Zucconi, 93 N.J. Super. 380 (App. Div. 1967).
Likewise, defendant's statutorily created rights have not been violated. N.J.S.A. 39:4-50.2 is silent as to any given procedure to be employed in securing an independent analysis of a defendant's blood. The police could, as was done in this case, extend the use of the telephone to a defendant. On the other hand, a defendant could indicate his choice of a physician to the police who, in turn, would make the necessary arrangements. These and other reasonable means could be employed in the absence of any precisely defined procedure in the statute. Where a statute confers certain rights upon a defendant, the police are not thereby denied the authority to establish reasonable regulations in implementation of those rights; they are, perforce, charged with the duty of promulgating reasonable procedures to vouchsafe such rights to a defendant.
Not only is the logging procedure as here employed a reasonable regulation but it is now as well determined to be a sound and commendable police practice. In this day, when the question of police infringement of the rights of individuals is being bruited about and repeatedly brought before the courts, what better method could be utilized to record compliance with the law?
Even in the absence of any breathalyzer results there is sufficient evidence in the record to indicate that defendant was intoxicated to a prohibited degree while operating his vehicle. However, the degree of his intoxication is subject to some doubt. The finding herein of .174% blood alcohol in itself creates a presumption that defendant was under the influence of intoxicating liquor. N.J.S.A. 39: 4-50.1(3). Yet, the testimony of the State's medical expert went a long way toward rebutting this presumption; he testified that he examined defendant before the drunk-ometer test was administered and found only some slight impairment due to alcohol. Defendant passed all of the essential dexterity tests and communicated with the doctor *114 in unslurred speech. The only positive findings concerned his eyes, which were bloodshot and "a little sluggish in their reaction to light." In addition, the .174 figure is but 24 thousandths of 1% beyond that where defendant's ability to operate his car would be considered "impaired." N.J.S.A. 39:4-50 et seq.
Based on these facts I find that defendant's ability to operate a motor vehicle at the time and place alleged in the complaint was impaired, and he is therefore adjudged guilty of violating N.J.S.A. 39:4-50(b), which is the lesser offense (R.R. 3:7-9 (c)) of the charge set forth in the complaint for operating a motor vehicle while under the influence of intoxicating liquor, N.J.S.A. 39:4-50(a).
Basic rights normally accorded to one accused of a criminal offense must be extended to one charged under this statute. State v. Ingram, 67 N.J. Super. 21 (Cty. Ct. 1961). Judge [now Justice] Francis, in State v. O'Leary, 31 N.J. Super. 411 (App. Div. 1954), declared that
"It is fundamental that `A party indicted for a crime may be convicted of any offense of a lower grade, provided such lower offense is included within the description of the indictment.' State v. Jankowski, 82 N.J.L. 229, 233 (Sup. Ct. 1912), affirmed 83 N.J.L. 796 (E. & A. 1912); State v. Schwarzbach, 84 N.J.L. 286 (E. & A. 1913); R.R. 3:7-9(c); N.J.S. 2A:85-5." (at p. 417).
With the same holding, State v. Johnson, 30 N.J.L. 185 (Sup. Ct. 1862), and State v. Thomas, 65 N.J.L. 598 (E. & A. 1901).
This rule of court, R.R. 3:7-9(c), is declaratory of the maxim, omne majus continet in se minus, which Broom, Legal Maxims (8th Amer. ed. 1882), translates for us as "The greater contains the less"; Broom relates its applicability to the criminal law at p. [*]177, citing Reg. v. Taylor, L.R., 1 C.C. 194, 196.
Accordingly, it is the sentence of this court that defendant's license to operate a motor vehicle is suspended for a period of six months and that he shall pay a fine of $100 and costs. N.J.S.A. 39:4-50(b).