125 N.J. Super. 125 (1973)
309 A.2d 8
THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
BETSY BLACKMAN AND WILLIAM BIRNBAUM, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued August 7, 1973.
Decided August 22, 1973.
*127 Before Judges CONFORD, LEONARD and CRAHAY.
Mr. Craig D. Katz, Assistant Prosecutor, argued the cause for appellant (Mr. Sherwin D. Lester, Bergen County Prosecutor, attorney).
Mr. William C. Meehan argued the cause for respondent, Blackman.
Mrs. Jane G. Kleinfeld, Assistant Deputy Public Defender, argued the cause for respondent, Birnbaum (Mr. Stanley C. Van Ness, Public Defender, attorney).
CRAHAY, J.A.D.
An indictment charging defendants with the maintenance of a common nuisance resorted to by persons for unlawful activities involving narcotic drugs contrary to N.J.S.A. 24:21-23 and N.J.S.A. 24:21-35, subd. a was dismissed on the grounds that it failed to state a crime punishable by law. The State appeals.
The operative portions of the challenged indictment are that the defendants 
"... on or about the 30th day of March, 1972, in the City of Hackensack, County of Bergen aforesaid and within the jurisdiction of this Court, did keep and maintain as a common nuisance premises within the aforesaid jurisdiction resorted to by persons for the purpose of unlawfully using, keeping, manufacturing, distributing, dispensing, administering or selling narcotic drugs, contrary to the provisions of N.J.S. 24:21-23 and N.J.S. 24:21-35, subd. a...."
The trial court's stated reason for dismissing the indictment was that  "N.J.S.A. 24:21-35, subd. a, under which defendant was charged, lacks any words designating a crime and is merely a statutorial forfeiture provision."
In 1970 the Legislature repealed the Uniform Narcotic Drug Law, N.J.S.A. 24:18-1 et seq., replacing it with the New Jersey Controlled Dangerous Substances Act, N.J.S.A. 24:21-1 et seq. (effective October 19, 1970). The legislative treatment of nuisances under the two acts is patently different.
*128 N.J.S.A. 24:21-35, subd. a provides 
"a. The maintenance of any building, conveyance or premises whatever which is resorted to by persons for the unlawful manufacture, distribution, dispensing, administration or use of controlled dangerous substances shall constitute the keeping of a common nuisance."[1]
N.J.S.A. 24:18-37 had provided 
"Any store, shop, warehouse, dwelling house, building, vehicle, boat, aircraft, or any place whatever, which is resorted to by narcotic drug addicts for the purpose of using narcotic drugs or which is used for the illegal keeping or selling of the same, shall be deemed a common nuisance. No person shall keep or maintain such common nuisance. (Emphasis added)
Thus, unlike its predecessor, N.J.S.A. 24:21-35 does not prohibit the maintenance of a common nuisance regarding narcotic activities. It merely defines a common nuisance and provides for statutory forfeitures. We are not persuaded by the State's argument that the general penalty provision of the Controlled Dangerous Substances Act, N.J.S.A. 24:21-23, evidences an intent by the Legislature that the keeping of a common nuisance under the act is a criminal offense. N.J.S.A. 24:21-23 provides that 
"any person who violates any provision of this act for which no specific penalty is provided shall be guilty of a misdemeanor."
Absent a proscription against the maintenance of a nuisance it cannot be held that a person who maintains one has violated the Act.
Penal statutes must be strictly construed and they will not create criminal liability where it has not been clearly fixed by the words of enactment. Before one can be punished under a penal statute the proscribed conduct must be clearly *129 within the statute and any doubts as to the meaning of such statutes must be resolved in favor of a defendant. State v. Fairlawn Service, Inc., 20 N.J. 468 (1956); State v. Leonardo, 109 N.J. Super. 442 (App. Div. 1970).
Here then, the trial court properly held that N.J.S.A. 24:21-35, subd. a does not spell out a crime. However, we are not satisfied that the trial court was warranted in the dismissal of the indictment. Amendment was in order.
R. 3:7-4 provides 
"The court may amend the indictment or accusation to correct an error in form or the description of the offense intended to be charged or to charge a lesser included offense provided that the amendment does not charge another or different offense from that alleged and the defendant will not be prejudiced thereby in his defense on the merits. Such amendment may be made on such terms as to postponing the trial, to be had before the same or another jury, as the interest of justice requires."
Employment of the cited rule was required, State v. Bott, 53 N.J. 391, 402 (1969) since the indictment here charged a crime.
N.J.S.A. 2A:130-2 provides 
"Every building or place where the law is habitually violated is a nuisance."
N.J.S.A. 2A:130-3 provides 
"Any person who maintains a nuisance, as defined in this chapter is guilty of a misdemeanor."
The conduct of defendants here as described in the factual recitation of the indictment, if proven, would clearly be within the interdict of N.J.S.A. 2A:130-2 and 3, the General Nuisance statute.
The indictment fully and clearly informed defendants of the factual charges they would have to meet and an amendment of it to recite the appropriate statutes violated would in no way impair their ability to prepare their defenses nor *130 would it bring them to trial for a crime substantially different from that which the Grand Jury found sufficient cause to charge them with. State v. LaFera, 35 N.J. 75 (1961).
Indictments should not be dismissed unless their insufficiency has been palpably demonstrated. Accordingly, the order of the trial court dismissing the indictment is reversed and the matter remanded with directions to amend the indictment to recite N.J.S.A. 2A:130-2 and 3 as the statutes allegedly violated instead of N.J.S.A. 24:21-23 and 35, subd. a. The case then may proceed to trial.
Reversed and remanded.
NOTES
[1] The balance of the section details various drugs and other properties subject to forfeiture and prescribes their disposition.