218 N.J. Super. 231 (1986)
527 A.2d 492
STATE OF NEW JERSEY, PLAINTIFF,
v.
CHARLES F. NICASTRO, III, DEFENDANT.
Superior Court of New Jersey, Law Division, Bergen County.
Decided October 6, 1986.
*232 Thomas Randall, Asst. Pros., for plaintiff.
Frederick A. D'Arcangelo, for defendant.

*233 OPINION
KUECHENMEISTER, J.S.C.
Defendant has been charged with operation of his motor vehicle while under the influence of alcohol, in violation of N.J.S.A. 39:4-50. The defendant has moved to suppress the results of two breathalyzer tests taken by the New Jersey State Police on the date of the offense, alleging violation of his statutory rights afforded under N.J.S.A. 39:4-50(c). Having found that the defendant's attempt to obtain an independent blood alcohol analysis was sufficiently hindered by the State Police, the Court grants defendant's motion for the reasons set forth below.
The facts are mostly uncontroverted. On April 13, 1986, defendant was transported to the State Police Station, charged with operating his motor vehicle while under the influence of alcohol.
Prior to administering a breathalyzer test the arresting officer, Trooper J. Molinaro of the New Jersey State Police, dutifully informed defendant of his Miranda and statutory rights pursuant to N.J.S.A. 39:4-50(c) and (d). After voluntarily submitting to the administration of two breathalyzer tests, defendant requested Trooper Molinaro for a blood sample drawn through the State Police Department for the purpose of verifying the breathalyzer test results. Defendant was advised that the State Police are not obligated to provide such a test. Defendant was permitted to make a telephone call to a hospital in Wayne, which advised that the blood sample would be drawn only with a doctor's order or authorization from the local police.
Lacking transportation to the hospital, defendant then requested the arresting officer drive him to the Wayne Hospital, a distance of five or ten minutes away. Trooper Molinaro refused to do so. Defendant was told by the State Police to call the local police in Totowa for transportation. The local police refused defendant's request. Defendant again requested transportation *234 from the State Police to the local hospital but was denied.
Thereafter, defendant requested that he be allowed to call a taxi for transportation to the hospital at his own expense, and that request was also denied. Trooper Molinaro testified that the procedure upon being arrested as a D.W.I. is "the defendant is released in the custody of an individual or relayed back to (his) residence...." "That's central policy from the State Police." Although Trooper Molinaro testified there was a superior officer present at the station, he did not request transportation for the defendant since "[it] is not policy to transport individuals to obtain an independent blood sample."
Defendant was advised he was free to leave the station as long as he could obtain a ride from an individual who would see that he arrived at home. When it became evident that that was not possible, two State Police troopers eventually transported defendant back to his home, approximately 25 minutes away.
It is a well established principle of law that driving a motor vehicle on the highways of the State is a privilege, not a right, and that the State may enact reasonable laws with which automobile drivers must comply. State v. Jones, 122 N.J. Super. 585 (Cty.Ct. 1973); State v. Kabayama, 94 N.J. Super. 78 (Cty.Ct. 1967). To protect its citizens from the danger of those who would drive while influenced by the consumption of alcohol, the State has adopted N.J.S.A. 39:4-50. N.J.S.A. 39:4-50(a) provides penalties for operating a motor vehicle while impaired or under the influence of alcohol. To effectuate N.J.S.A. 39:4-50, the Legislature has enacted N.J.S.A. 39:4-50.2, which states:
(a) Any person who operates a motor vehicle on any public road, street or highway or quasi-public area in this State shall be deemed to have given his consent to the taking of samples of his breath for the purpose of making chemical tests to determine the content of alcohol in this blood; provided, however, that the taking of samples is made in accordance with the provisions of this act and at the request of a police officer who has reasonable grounds to believe that such person has been operating a motor vehicle in violation of the provisions of R.S. 39:4-50. (Emphasis supplied.)

*235 (b) A record of the taking of any such sample, disclosing the date and time thereof, as well as the result of any chemical test, shall be made and a copy thereof, upon his request, shall be furnished or made available to the person so tested. (Emphasis supplied.)
(c) In addition to the samples taken and tests made at the direction of a police officer hereunder, the person tested shall be permitted to have such samples taken and chemical tests of his breath, urine or blood made by a person or physician of his own selection. (Emphasis supplied.)
(d) The police shall inform the person tested of his rights under subsection (b) and (c) of this section. (Emphasis supplied.)
(e) No chemical test, as provided in this section, or specimen necessary thereto, may be made or taken forcibly and against physical resistance thereto by the defendant. The police officer shall, however, inform the person arrested of the consequences of refusing to submit to such test in accordance with section 2 of this amendatory and supplementary act. A standard statement, prepared by the director, shall be read by the police officer to the person under arrest. (Effective January 12, 1982). [Emphasis supplied.]
N.J.S.A. 39:4-50(a) expressly provides that anyone driving on the highways of New Jersey shall be deemed to have given his consent to submit to a breathalyzer test to determine whether he is driving in violation of N.J.S.A. 39:4-50. State v. Macuk, 57 N.J. 1 (1970).
N.J.S.A. 39:4-50(d) further provides that the police officer administering the breath test shall inform the person tested of his rights under subsection (b) and (c). (Emphasis supplied.) In the present case, Trooper Molinaro testified he read a statement to the defendant that related these statutory rights, including defendant's right to have a person or physician of his choosing take samples of his breath, urine or blood.
The right to have an independent test performed is clearly a statutory right. N.J.S.A. 39:4-50(c) states that a "person shall be permitted to have such samples taken and chemical tests of his breath, urine or blood made by a person or physician of his own selection". Does the word "shall" mandate that the breathalyzer test results should be suppressed if the person tested is not permitted to have an independent test? In a case such as the one under consideration, the answer must be yes.
Judicial resolution of matters involving statutory interpretation must be guided by legislative intent. The plain *236 language of Chapter 39 (the Motor Vehicle Statute) best reflects the legislative intent. State v. Duva, 192 N.J. Super. 418 (Law Div. 1983). The word "shall" appearing in the Motor Vehicle Statute is used in the imperative and not directory sense unless something in the character of the legislation or the context will justify a different meaning. State v. Wilcox, 2 N.J. Misc. 320 (Div. 1924). Statutory language, if penal in nature, is subject to the rule of strict construction, and all doubts must be resolved in favor of the defendant. State v. Alveario, 154 N.J. Super. 135, 137 (App.Div. 1977). A prosecution for drunk driving is in the nature of a criminal proceeding and must be scrupulously conducted to respect and safeguard a defendant's rights. State v. Ryan, 133 N.J. Super. 1 (Cty.Ct. 1975). Under the concept of strict construction, subsection (a) and subsection (c) of N.J.S.A. 39:4-50.2 must be read in pari materia in that the use of the word "shall" requires both that the driver submit to the breathalyzer tests, and that the State reciprocate by affording the opportunity to obtain an independent analysis of breath, blood or urine. See State v. Cannon, 94 N.J. Super. 66 (Cty.Ct. 1967).
The case at bar must be distinguished from State v. Hudes, 128 N.J. Super. 589 (Cty.Ct. 1974), where the police recorded the results of a breathalyzer test on forms that were not sequentially numbered. N.J.S.A. 39:4-50.3 dictates that reports "shall be sequentially numbered." (Emphasis supplied.) The court denied defendant's attempt to suppress the results of the breathalyzer test on the grounds that the procedures used by the police did not prejudice the defendant. In passing, the Court inferred that suppression should be allowed when a defendant has not been accorded his statutory right to have an independent test." [N]oncompliance with defendant's statutory right [to have an independent examination by a physician or facility of his own choice] could vitiate a conviction for driving while under the influence or while impaired, if based solely on chemical analysis of the state." Id. at 607.
*237 N.J.S.A. 39:4-50.2(c) is silent as to any given procedure to be employed in securing an independent analysis of a defendant's blood. Where a statute confers certain rights upon a defendant, the police are not thereby denied the authority to establish reasonable rules and regulations in implementation of those rights; they are, perforce charged with the duty of promulgating reasonable procedures to vouchsafe such rights to a defendant. State v. Magai 96 N.J. Super. 109, 113 (Cty.Ct. 1967). Indeed, N.J.S.A. 39:4-6 provides in pertinent part:
Director's duties:
The Director of the Motor Vehicle Bureau) shall enforce the provisions of this chapter (39) and promulgate rules and regulations for the enforcement of his duties hereunder. Howe v. Strelecki, 98 N.J. Super. 513 (App.Div. 1968). See State v. Kirk, 202 N.J. Super. 28 (App.Div. 1985). (Failure of law enforcement agencies to have reasonable regulations and standards in place for DWI roadblocks is a factor in holding a DWI checkpoint arbitrary and therefore illegal.)
From Trooper Molinaro's testimony, it can be concluded that defendant's access to an independent test was left to the absolute discretion of the officers in the field. There was no command or supervisory participation involved. There were no directions of any kind to guide the troopers in augmenting defendant's statutory right. To quote Justice White  the practical effect of the system used here was to leave the traveller "subject to the discretion of the official in the field." Camara v. Municipal Court, 387 U.S. 523, 532, 87 S.Ct. 1727, 1733, 18 L.Ed.2d 930 (1967) (constitutional right that building inspectors obtain administrative search warrant).
When it appears from a police officer's testimony that the defendant was thwarted in his attempts to exercise his statutory rights because the police did not have reasonable procedures in place to implement defendant's exercise of those rights, a Court may find the police have failed in their obligation to afford a defendant reasonable access to an independent test, and therefore evidence obtained by the police must be excluded.
No cases have been found in New Jersey dealing specifically with the issue at bar. The Supreme Court of California held in *238 the case of In re Newbern, 55 Cal.2d 508, 11 Cal. Rptr. 551, 360 P.2d 47 (1961), that where the defendant was not given a reasonable opportunity to obtain an independent blood test following his arrest for alcoholic intoxication, a denial of due process occurred. The Court said, "the denial of an opportunity to procure a blood test on a charge of intoxication prevents the accused from obtaining evidence necessary to his defense and is a denial of due process...." In re Newbern, 11 Cal. Rptr. at 554, 360 P.2d at 50.
Like the California statutory scheme, N.J.S.A. 39:4-50(a) creates certain per se presumptions arising from the amount of alcohol in defendant's blood urine, breath, or other bodily substance. The breathalyzer test results, once properly made, become available to the State or the defendant. If a test proves unfavorable to a defendant, it is of the utmost importance for him to be able to secure access to an independent blood analysis. Testimony impugning the breathalyzer results taken by the police would be highly desirable to a defendant's defense. Moreover, it is a matter of common knowledge that the intoxicating effect of alcohol diminishes with the passage of time; hence, the probative value of a blood test diminishes as well. State v. Dyal, 97 N.J. 229, 241 (1984). When police authorities have no rules and regulations in place to reasonably implement defendant's attempts to procure a blood sample, it may be said that authorities have failed in their duty and an abuse of discretion has resulted in prejudice to the defendant.
We are convinced that the police authorities must put into operation reasonable guidelines consistent with N.J.S.A. 39:4-50.2(c). Defendants must be given a reasonable opportunity to attempt to secure a reasonable taking of a blood sample as a critical safeguard of evidence that could exonerate the accused, particularly in the unique situation which inheres to the transient state of intoxication.
Likewise N.J.S.A. 39:4-50 also dictates finding for the defendant. A drunk driving conviction carries severe potential for penalties, including imposition of jail terms, license revocations *239 and fines, mandatory attendance at alcohol educational programs and provisions for the imposition of additional penalties for subsequent offenders. Once a defendant has submitted to the breathalyzer test, he is entitled to a reasonable opportunity to attempt to procure a timely and independent sample of his blood. To refuse him a reasonable opportunity is to deny him the only opportunity he has to defend himself against the charge.
We are persuaded that in an instance such as this, where by failure to have rules and regulations in place, the State Police imposed a material obstacle in the path of the accused's attempt to secure an independent test, and in so doing thwarted defendant's opportunity to obtain vital evidence in his defense. Suppression of the breathalyzer test results obtained by the police is warranted. Defendant's motion is granted.