656 A.2d 1319

STATE OF NEW JERSEY, v. LOIS BROADLEY, DEFENDANT.

Superior Court of New Jersey
Law Division (Criminal)
Gloucester County

Decided July 9, 1992.

*Harris Y. Cotton,* Prosecutor, Gloucester County, for State of New Jersey (*John A. Mennite,* Assistant Prosecutor).

*Alfred T. Sanderson,* for defendant.

PORRECA, P.J.Cr.

This matter was initially tried on September 18, 1991, before the Deptford Township Municipal Court, Judge Charles J. Sprigman, Jr., presiding. The findings are as follows:

Defendant, Lois Broadley, was stopped by Officer Weatherby of the Deptford Township Police Department on May 23, 1991, at 1:45 a.m., in the Deptwood Plaza Shopping Center parking lot. Officer Weatherby witnessed defendant banging her fists on the door of a tractor and trailer prior to returning to her vehicle. Upon stopping defendant's vehicle, Officer Weatherby spoke with defendant about the incident he had observed and, after brief observation, suspected she was intoxicated. Defendant was asked to exit her vehicle to perform routine testing for driving while intoxicated. Officer Weatherby found defendant to be intoxicated and placed her under arrest. After arriving at the Deptford Township Police Station, Officer Weatherby read defendant her *Miranda* rights and asked her to submit to a breathalyzer. The test results indicated defendant had a blood alcohol level beyond the limit of .10 established by *N.J.S.A.* 39:4–50 for driving while intoxicated.

While at the police station, defendant asked to have either: (1) the police take her to Underwood Memorial Hospital, located approximately two miles from the police station or (2) have a taxi take her there for the purpose of exercising her right to an independent blood alcohol test established by *N.J.S.A.* 39:4–50.2(c). After being refused these two requests, defendant was finally able to obtain transportation from a family member to Underwood Memorial Hospital at 2:45 a.m. Upon arrival at the hospital, defendant requested a blood sample be taken to determine her blood alcohol level. Hospital personnel refused this request and informed defendant that her blood would only be taken through authorization from the police. Defendant called the Deptford Township Police Department to seek an authorization but was denied by the supervising officer.

Defendant was found guilty of driving while under the influence, contrary to *N.J.S.A.* 39:4–50, fined $250.00, ordered to pay $20.00 court costs, $1.00 ATS charge, $100.00 surcharge, $30.00 violent crime penalty, loss of driving privileges for six months, and was required to attend twelve hours of Intoxicated Drivers Resource Center instruction. Defendant appealed her conviction to this Court.

The issue raised is whether defendant was properly afforded an opportunity to exercise her right to an independent blood test as set forth in *N.J.S.A.* 39:4–50.2(c). Furthermore, if defendant has not been afforded her right to an independent blood test, should not defendant's conviction be overturned?

*N.J.S.A.* 39:4–50.2(c) states:

In addition to the samples taken and tests made at the direction of a police officer hereunder, the person tested shall be permitted to have such samples taken and chemical tests of his breath, urine or blood made by a person or physician of his own selection.

After consulting controlling case law in *State v. Ettore*, 228 *N.J.Super.* 25, 548 *A.*2d 1134 (App.Div.1988) and *State v. Hicks*, 228 *N.J.Super.* 541, 550 *A.*2d 512 (App.Div.1988), it was determined that the issue raised on appeal could not be resolved unless certain fact questions were first answered. The above cases

require the establishment of reasonable police procedures to allow DWI defendants an opportunity to exercise their right to an independent blood analysis. Accordingly, this court remanded to the municipal court to gain answers to, among others, the following question:

Does the Deptford Township Police Department have a formal procedure that allows DWI suspects reasonable means to exercise the right to an independent blood alcohol test pursuant to *N.J.S.A.* 39:4–50.2(c)?

In response to the above question, the Deptford Township Municipal Court stated in a letter opinion of April 13, 1992 that:

The Deptford Township Police Department evidently did not have a formal procedure that allows DWI suspects a reasonable means to exercise the rights to an independent blood test pursuant to *N.J.S.A.* 39:4–50.2(c).

Such a lack of policy leaves defendants charged with a DWI offense at the mercy of the supervising officer who happens to be working at the time of arrest. In *Ettore*, the court stated:

Where a statute confers certain rights for a defendant, the police are not thereby denied the authority to establish reasonable regulations in implementation of those rights, they are perforce, charge with the duty of promulgating reasonable procedures to vouchsafe such rights to a defendant.

[*Ettore, supra,* 228 *N.J.Super.* at 30, 548 *A.*2d 1134 (citing *State v. Magai,* 96 *N.J.Super.* 109, 113, 232 *A.*2d 477] (Cty.Ct.1967)).]

From the above excerpt, it is clear that established police procedures must be in place in order to provide defendants an opportunity to exercise the rights granted under *N.J.S.A.* 39:4–50.2(c).

The *Hicks* court reinforced the notion of the necessity for established reasonable police procedures. In its opinion, the court stated:

We are convinced that the police authorities must put into operation reasonable guidelines consistent with *N.J.S.A.* 39:4–50.2(c).

[*Hicks, supra,* 228 *N.J.Super.* at 550, 550 *A.*2d 512 (citing *State v. Nicastro,* 218 *N.J.Super.* 231, 239, 527 *A.*2d 492 (Law Div.1986)).]

As *Ettore* and *Hicks* confirm, established procedures must be in place in order to protect defendants' rights granted under *N.J.S.A.* 39:4–50.2(c). Defendant in the instant case was refused authorization by the Deptford Township Police Department to

have an independent blood test conducted at Underwood Memorial Hospital. The decision by the police was not the result of any established police procedure. The critical problem with such a lack of established procedures is that there is a real danger of disparate treatment of DWI defendants. An established policy, as required by *Ettore* and *Hicks*, would permit all defendants the same treatment regardless of who is supervising at the time of arrest.

Thus far, two critical findings have been made. The first is that the Deptford Township Police Department does not have established procedures for allowing DWI suspects an opportunity to exercise their right to an independent blood alcohol test. The second finding is that both *Ettore* and *Hicks* require that established police procedures be in place in order to satisfy the right to an independent blood alcohol test. One more finding must be made to bring the present case to conclusion. The final question to be answered is: Where established police procedures are not in place, is the entire conviction automatically invalidated or must there simply be an exclusion of the results of the breathalyzer test? If controlling case law merely requires the exclusion of breathalyzer tests, a DWI conviction must be evaluated to determine if there is an independent basis for the conviction, such as observation by the arresting officer.

The *Hicks* case provides an answer that directly addresses the above issue. In *Hicks*, the court found that where a defendant has not been provided an opportunity to exercise her rights to an independent blood alcohol test pursuant to *N.J.S.A.* 39:4-50.2(c), the breathalyzer results will be excluded. The court, however, further stated that a conviction may still be valid if there are independent findings to support a DWI conviction beyond a reasonable doubt. *See Hicks, supra,* 228 *N.J.Super.* at 552, 550 *A.*2d 512. The instant case presents a situation that requires the following result:

(1) Due to the failure of the Deptford Township Police Department to establish reasonable procedures to provide defendants an opportunity to exercise the right to an independent blood test, the breathalyzer results must be suppressed.

(2) The court below found evidence, independent of the breathalyzer results, to find defendant guilty of driving while under the influence beyond a reasonable doubt.

(3) Defendant's conviction is affirmed based upon the independent findings of the court below.

The Prosecutor shall submit an order in accordance with this opinion.